## BRYCE v. MASSEY.

1. ACCEPTANCE OF SERVICE—WAIVER.—Is the acceptance of due service of a copy of a proposed amended complaint and of notice of a motion for leave to file it, a waiver of an order permitting it to be filed?

2. SUPPLEMENTAL COMPLAINT—LIMITATION OF ACTIONS.—A complaint alleged advances supplied, balance due ascertained, and a note for this balance given by defendant's agent, and that no part of this note or of the account had been paid. The case remained on the docket, without progress, for nine years, when the administrator of plaintiff, who had died, filed a supplemental complaint, stating the indebtedness as the cause of action, and the note as security therefor, the death of the original plaintiff, administration by the present plaintiff, and his ownership of the claim. *Held,* that the supplemental complaint was filed in time, that it was based upon the same cause of action as the original complaint, and, under a plea of the statute of limitations, the action was held commenced when the summons was first issued.

3. CONSTRUCTION OF WRITTEN INSTRUMENTS—PAROL EVIDENCE.—Two written papers, one intended to qualify the other, must be construed together and by the language employed. There being no latent ambiguity, parol evidence of intention is inadmissible.

4. CONSTRUCTION—AGRICULTURAL LIENS.—Defendant for the purpose of cultivating his plantation A, and also, by his agent, his plantation B, not to exceed $10,000, pledged all of his property and all crops raised on said plantations, acknowledging the receipt of $1,900 on the B place, and declaring that all advances must be on his order. He subsequently authorized the orders of his agent to be honored in so far as the B interest may extend to crops there raised and stock, &c., there used. *Held,* that defendant intended to give a lien on all his property and all the crops raised on both plantations, to secure advances not exceeding $10,000.

5. EQUITABLE MORTGAGE—DESCRIPTION.—This lien was good as a mortgage between the parties, although unsealed and attested by only one witness, and although the property is indefinitely described.

6. CONSTRUCTION—AGRICULTURAL LIENS.—The advances authorized were limited to $10,000 and were to be made only on the written order of defendant, or, as to the B place, on the written order of the agent for the use of the B plantation ; and to this extent, but this extent only, did defendant make himself responsible.

7. IBID.—IBID.—There was nothing in this agreement that restricted the advances to the year in which the paper was given.

8. IBID.—IBID.—Defendant having limited his liability to $10,000 for advances on both plantations, he can be held liable only for so much advanced on B plantation as remains after deducting the advances to

A plantation from $10,000 ; and this remainder must be credited with all payments made on account of the B plantation.

9. EXCEPTIONS—APPEAL.—Items charged by a referee and not excepted to on Circuit, cannot be made a ground of appeal.

10. NOTE BY AGENT—ADMISSION.—The agent had no authority to give a note in defendant's name for the balance due. Such note might operate as an admission, but subject to correction.

11. DEBTOR AND CREDITOR.—Plaintiff, in the absence of collusion, could not be charged with personal property on the B plantation, made away with by the agent.

Before WITHERSPOON, J., Lancaster, October, 1890.

Action by J. Y. Bryce, as administrator of T. W. Dewey, against James R. Massey and C. B. Jones. The report of R. E. Wylie, Esq., referee, was as follows :

Under an order of court, dated the 12th day of March, 1887, it was referred to the undersigned, as special referee, "to inquire and report upon the issues raised in the pleadings ; and that the said referee report his findings of facts and conclusions of law in reference thereto, as well as the testimony taken hereunder by him, to this court, all equities to be passed upon and reviewed by the court upon the coming in of the report." Having taken the testimony as directed by said order, and after hearing argument of plaintiff's and defendant's attorneys, I beg leave to submit the following as my report :

1. I find as matter of fact: On the 30th day of January, 1869, the defendant, Jas. R. Massey, to procure advances in money and supplies for the cultivation of crops on his own plantation in Lancaster County, and on a plantation in Chester County, known as "the Landsford Plantation," under the management and control of C. B. Jones, to an amount not exceeding ten thousand dollars, executed and delivered to J. Y. Bryce and W. H. Bryce, merchants doing business in the city of Charlotte, in the State of North Carolina, an instrument in writing in words as follows : "State of South Carolina, County of Chester. For provisions and merchandise to me furnished by J. Y. Bryce & Co., of Charlotte, N. C., for the purpose of carrying on my own plantation in Lancaster County, and, also, my plantation known as the Landsford place, by my agent, not to exceed in

value the sum of ten thousand dollars ($10,000.00). I do hereby pledge and pawn to the said J. Y. Bryce & Co., all my real and personal property of every kind and description, including all the cotton and other produce raised on said plantations, and all other produce so raised, together with all of my stock of every kind and description, and all of my farming tools and implements. This lien to have priority over any other lien, mortgage, or conveyance by me made to any person or persons whatever. Given under my hand and seal, at Charlotte, N. C., this 30th day of January, 1869. In signing the aforementioned agreement, I herein acknowledge the receipt of $1,900.00, to me paid by J. Y. Bryce & Co., as an advance on the Landsford place ; and it is hereby understood that the advances of money or provisions must be controlled by the order of myself in writing.

"JAS. R. MASSEY."

The concluding part of the said paper, after the figures "1869," was added by the defendant, Massey, before signing same. This paper was probated for record on Feb. 1, 1869, and, as appears by endorsement on the back of said paper, was recorded in Chester County, in register of mesne conveyance office, in deed book PP, No. 154, 155. This paper is marked by me "Paper D."

2. On or about the 1st day of February, 1869, the defendant, Massey, addressed the following written communication to Messrs. J. Y. Bryce & Co.: Charlotte, Feb. 1st, 1869. To Messrs. J. Y. Bryce & Co.: Col. C. B. Jones being my authorized agent in the purchasing and procuring advances for the Landsford place, his orders will be duly honored in so far as the Landsford interest may extend, in like manner as all the advances which may have been made to me before this order was given, that is, to the crops raised and farming implements used on the Landsford plantation.          JAS. R. MASSEY.

The plaintiff, not being satisfied with paper "D," owing to the concluding part in the handwriting of the defendant, Massey, requiring any advance made to be only "on the order of myself in writing," sent to Massey, for him to sign paper "E", filled out down to the word "honored" inclusive. Massey, before signing, added the concluding part from the word "honored" to the end.

9—35

Bryce admits having received this paper back, shortly after it was sent to Massey.

3. I find that J. Y. Bryce & Co. commenced making advances to C. B. Jones, agent, on the 30th day of January, 1869, and continued to advance during that year and until the 31st day of March, 1870. I find the total amount, from Jan. 30th, 1869, to March 31st, 1870, inclusive, including $1,900.00 rent admitted by Massey to have been advanced Jan 30th, 1869, to be,                                                            $10,534 99

Deduct 1st item of credit in acc.,          $1,118 81
And aggregate sales 47 bales of cotton,    4,617 19

Total credits to be deducted from acc., $5,736 00     $5,736 00

Balance due on acc. on 31st March,
    1870,                                               $5,294 27
Deduct price of mules of date June 1st,
    1870,                                                  600 00

Balance due,                                          $4,694 27

The plaintiff claims as the balance due, on 31st March, 1870, the sum of $5,660.35, but I find this to be too much. The true amount is as above stated, $4,694.27.

I find that J. Y. Bryce & Co. had advanced to C. B. Jones, individually, during the year 1868, and, at the end of the year 1868, Jones had to his credit $1,188.81, and that this amount was carried forward by Bryce & Co. and entered as the first item of credit in the account of C. B. Jones, agent, for the year 1869.

I find that the defendant, J. R. Massey, had an individual account with J. Y. Bryce & Co. for the the year 1869, which he paid in full, early in the year 1870. About the 2d of April, 1871, the firm of J. Y. Bryce & Co. sent to C. B. Jones a statement of account for supplies for Landsford place, claiming as the balance due, the sum of $5,660.35, which Jones admitted to be correct, and executed to J. Y. Bryce & Co. a note for said amount, as follows:

$5,660.35. Charlotte, May 2d, 1871. Six months after date,

I promise to pay to the order of J. Y. Bryce & Co. fifty-six hundred and sixty dollars and thirty-five cents. Value received and payable at ———— due ————.    C. B. JONES, agent.

I find that Jones had no authority to execute this note, as agent for Massey. Soon after the date of this note and before its maturity, it was transferred to Thomas W. Dewey and T. R. Tate, bankers, then doing business at Charlotte, N. C., under the firm name of Tate & Dewey, who then became the true owners and holders thereof. That Thomas R. Tate died some time before the 19th Dec., 1872, leaving as his survivor in said banking business Thomas W. Dewey.

4. That, on the 19th day of December, 1872, an action was commenced by Thomas W. Dewey, survivor, plaintiff, v. Jas. R. Massey and C. B. Jones, defendants, by summons and complaint, in which judgment was prayed against said defendants for five thousand six hundred and sixty dollars and thirty-five cents, with interest, at the rate of seven per cent. per annum, from 2d of November, 1871, and costs of protest amounting to $2.31. This summons and complaint is marked by me "Paper A." The defendant, C. B. Jones, let the suit go by default. The defendant, Jas. R. Massey, filed his answer to said summons and complaint in due time, setting up some grounds for defence. This paper marked "Paper B." That, on the 4th day of November, 1873, the attorneys for Thomas W. Dewey, survivor, plaintiff, served upon the attorney for the defendant Massey a copy of paper purporting to be an amended complaint, with a notice that at the next court a motion would be made for leave to file said paper as a supplemental complaint in said case. That there never has been an order of court allowing said paper to be filed.

5. I find that the case remained in this condition on the court calendar until the death of Thomas W. Dewey, when the case, in consequence of his death, went off the calendar. On the 11th of August, 1886, the present plaintiff, J. Y. Bryce, was appointed by the judge of probate for Lancaster County, South Carolina, the duly qualified administrator of Thomas W. Dewey, deceased. On the 6th day of September, 1886, an action was commenced by summons and complaint, in this court, by J. Y. Bryce, administrator, plaintiff, v. Jas. R. Massey and C. B.

Jones, defendants. This new action by Bryce, administrator, was in the nature of a supplemental complaint to revive the old case of Dewey, survivor, v. Jas. R. Massey and C. B. Jones, defendants. The defendant, Jas. R. Massey, in due time, filed his answer to said supplemental complaint, setting up various grounds of defence.

6. I find that the whole amount of advances made to C. B. Jones, agent, were made for the Landsford place, so far as the evidence shows. That Massey had nothing whatever to do with the Landsford plantation, in Chester County. The evidence shows that Massey lived on the place with the defendant Jones and his family, but that he had nothing to do with the management of plantation. On the contrary, the evidence shows that Massey was carrying on a farm, at the same time, in Lancaster County, and had an individual account with J. Y. Bryce & Co.

7. I find, as a matter of fact, that the stock and personal property on Landsford place in 1869, and covered by paper "D," was kept by Jones for several years and afterwards disposed of by Jones, although Massey had instructed Bryce to take the property.

My conclusions of law, from the facts in this case, are as follows:

1. It is my opinion, and I so find, that the plaintiff has no cause of action against the defendant Massey, and the complaint as to him should be dismissed. The original contract of the defendant Massey set forth expressly that all advances to the agent "must be controlled by the order of myself in writing." The change in the agreement by which the orders of Jones, the agent, were to be received as those of Massey (see paper "E"), was made with the express restriction that "all the advances should be paid for out of the crops raised and stock and farming implements used on the Landsford plantation." In other words, all personal liability of Massey, on account of advances to the Landsford place, was eliminated by his adding the concluding lines to paper "E." At least, this is my construction of paper "E," when viewed in the light of the testimony.

This paper, as sent by J. Y. Bryce to Massey, was very broad in its terms, and if Massey had signed it as it was, he would

clearly have been bound for all orders of Jones, the agent.   But Massey did not sign the paper until he had made additions thereto, which, I think, qualify his liability.   That portion of paper "E" in Massey's handwriting is somewhat ambiguous, but he must have intended to mean something by the added words. Viewed in the light of the testimony, I am forced to conclude that it was his intention not to be personally liable for the advances, but that J. Y. Bryce & Co. were to look to the crops raised and stock and farming implements used on the Landsford plantation.   I am persuaded to believe that Massey's version of the matter is true, that he signed the papers as principal to protect Jones from his creditors.

2. There being no order of court allowing paper "C" to be filed as an amended complaint, I conclude that it is no  record in this case.   But the suit being originally for goods sold and delivered (the note for $5,660.35 being mentioned as evidencing said indebtedness),  the action was  revived when the summons and complaint in the case of J. Y. Bryce, administrator, plaintiff, v. Jas. R. Massey and C. B. Jones was served upon the defendants.

3. I find, as matter of law, that paper "D" cannot  operate as a mortgage, because signed by Massey before only one witness and being not under seal.   This paper contains no description of property, either real of personal, and has none of the formalities of a mortgage.   Hence, I hold that this paper (construed alone), is a mere obligation in writing of the defendant Massey.

These being my conclusions of law, I recommend that the action as to the defendant Massey be dismissed.   The defendant, Jones, having made no appearance, I recommend that the prayer of the complaint as to him be granted.

To this report both parties excepted, and the cause came on for trial on these exceptions.   The Circuit decree, after stating what the referee had decided, was as follows :

The cause of action in the supplemental complaint filed by Thomas W. Dewey, survivor, and by his administrator, J. Y. Bryce, is an account for advances made by J. Y. Bryce & Co., and secured by the written instrument signed by the defendant

Massey, referred to in exhibits "D" and "E," and seeks a judg-
ment of foreclosure as to the defendant Massey's land and per-
sonal property in Lancaster County. There was no order of
court obtained, granting leave to file the amended or supple-
mental complaint, but the referee concludes that, as the original
action was for goods sold and delivered (the $5,660.35 note of
Jones being merely mentioned as evidence of the debt), the ac-
tion was properly revived by the service of the supplemental
complaint upon the defendants in the above entitled action. The
defendant Massey, in his exceptions, alleges that the referee
erred in this conclusion. There is force in the defendant's ex-
ceptions, but it is not now an open question. The objection to
the improper joinder of causes of action in the amended or sup-
plemental complaints, as well as the objection of the failure to
obtain the leave of the court to file said complaint, should have
been raised and considered by the court before this order was
granted by the court referring all of the issues to a referee. It
must be assumed that these objections were considered by the
court in granting the order of reference. It is now too late to
raise such objections to the form of the pleading by exceptions to
the report.

The referee concludes that the effect of exhibit "E" was to
relieve the defendant Massey from personal liability under ex-
hibit "D" for advances made by J. Y. Bryce & Co. to the defen-
dant Jones, on the Landsford place, and recommends that the
complaint be dismissed as to the defendant Massey. The plain-
tiff alleges in his exceptions that in his conclusions the referee
erred, and should have held that the defendant Massey was per-
sonally liable for all of the advances made by J. Y. Bryce & Co.
to the defendant Jones after January 30th, 1869. In ascertain-
ing the liability of the defendant Massey for advances made to
the defendant Jones, exhibits "D" and "E" must be construed
together. When written instruments are not ambiguous, the
terms of the agreement in writing cannot be explained, varied,
or contradicted by parol testimony. It is, however, competent
to show by parol testimony the relation of the parties and the
circumstances under which the written agreement was entered

into, to aid the court in construing the legal effect of the written instrument.

It seems that exhibit "D," down to and including the figures "1869," and exhibit "E" down to and including the word "honored," were prepared by J. Y. Bryce & Co., and submitted to the defendant Massey for his signature. The defendant Massey declined to sign the papers as submitted by J. Y. Bryce & Co., but in his own handwriting inserted in said writings all that appears after the figure and word above mentioned, before signing said writings. J. Y. Bryce & Co. accepted the papers as amended by Massey, as the evidence of the contract as to the advances to be made to the defendant Jones. The amendments made by Massey were evidently intended to qualify or modify the agreement as proposed by J. Y. Bryce & Co. The defendants, Massey and Jones, at the time of the agreement, lived together on the Landsford place in Chester County, cultivated by Jones during the year 1869. Massey cultivated a plantation in Lancaster County during the year 1869. Jones had an account with J. Y. Bryce & Co. during the previous year, 1868. Massey had an individual account during the year 1869 with J. Y. Bryce & Co., which was paid during the early part of the year 1870. Exhibit "D" does not in form comply with the statute, but is in the nature of an agricultural lien. There is no period fixed for the payment for the supplies to be furnished, nor is there any limit to the period during which advances are to be made.

I cannot agree with the referee in concluding that Massey is not personally liable for the advances made by J. Y. Bryce & Co. to Jones on the Landsford place under exhibits "D" and "E." I conclude that Massey is individually liable for advances made during the year "1869" by J. Y. Bryce & Co. on this order of Jones for the Landsford plantation, and that the lien given in exhibit "D" can only attach to the crop raised on the Landsford place during the year "1869," and to whatever interest Massey had in the Landsford place and the personal property on said plantation. I am satisfied that the amendments to the written exhibit inserted by Massey were intended and should have the effect of excepting his Lancaster property from the operation of exhibit "D." To

this extent the referee's report must be overruled and the plaintiff's exceptions sustained.  The $1,900 referred to in exhibit "D" should be charged in the advancements made to Jones for the Landsford place during the year 1869.

As Massey has paid his individual account with Bryce & Co. during the year "1869," I do not think that the referee erred as alleged in plaintiff's third and fourth exceptions, relating to the order to Wyley, Roddey & Agurs and C. Henkle, and said exceptions must be overruled.  Under exhibit "E" Jones' agency was limited to orders upon J. Y. Bryce & Co. in purchasing and procuring advances for the Landsford place.  And I agree with the referee that Jones had no authority, as Massey's agent, to execute the $5,660.35 note to J. Y. Bryce & Co.

It is immaterial whether or not Massey controlled and managed the Landsford place.  His liability depends upon the construction of exhibits "D" and "E."  It appears from the evidence that the advances were made to Jones on the Landsford place by an agreement between Jones and Massey, constituting Jones as Massey's agent, to protect the crop and property on the Landsford place from liability to Jones' creditors.  I am satisfied, however, that J. Y. Bryce & Co. had no knowledge of, and did not participate in, such an agreement.  As already stated, the defendant's exceptions as to the form of the pleadings come too late, after the order of reference of all the issues, and cannot be considered.

The referee has not passed upon the application of the plea of the statute of limitation set up in the answer of the defendant Massey.  The defendant Massey, in his exceptions, alleged that the referee erred in not holding that plaintiff's action as to the defendant, Jas. R. Massey, is barred by the statute of limitations. Section 142 of the Code provides that no action shall abate by the death of a party if the cause of action survive or continue. The action was not barred when it was originally commenced on September 19th, 1872, and, regarding the present as a revival of the original action, I do not think the statute of limitations can apply.

Exhibit "D" is in the nature of an equitable mortgage, but it is not under seal.  The referee reports that the personal property

on the Landsford place in 1869, covered by exhibit "D," was kept by the defendant Jones for several years, and was disposed of by Jones after Massey had instructed J. Y. Bryce & Co. to take said property. The plaintiff has entirely failed to show that any of the property on the Landsford place could be made liable under the judgment of foreclosure, for which he prays. Under these circumstances I do not think that the plaintiff is entitled to a judgment of foreclosure against the defendant Massey under exhibit "D."

It appears that from the 14th January to December 31st, 1869, J. Y. Bryce & Co. made advances to C. B. Jones, as agent of Massey on the Landsford place, to the amount of $7,672.69, and that during the same year Jones delivered to J. Y. Bryce & Co. cotton, for which $5,456.76 was placed to Jones' credit, leaving a balance of $2,215.73 due, for which balance plaintiff is entitled to judgment against the defendant, James R. Massey.

It is, therefore, ordered and adjudged, that the plaintiff, J. Y. Bryce, have judgment against the defendant, James R. Massey, for the sum of two thousand two hundred and fifteen dollars and seventy-three cents ($2,215.73), with leave to issue execution against the defendant Massey for said sum, together with the cost of this action. As the defendant, C. B. Jones, has not answered, the cause should be transferred to calendar 3 for judgment by default against said defendant, if the plaintiff be so advised. It is ordered and adjudged, that the report of the referee, filed September 17th, 1890, be overruled in so far as it conflicts with this decree, and in all other respects said report is hereby confirmed and made the judgment of this court. Except as herein sustained, the exceptions to said report are hereby overruled.

From this decree both parties appealed. The exceptions are too long for insertion here, covering eight printed pages of the Brief. The points raised are clearly stated in the opinion of this court.

*Messrs. R. E. & R. B. Allison,* for plaintiff.

*Mr. Ernest Moore,* contra.

February 24, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. On 19th December, 1872, Thomas W. Dewey filed his complaint against the above named defendants, to which Massey alone answered, Jones having made default. In this complaint the allegations, substantially, are that in January, 1869, the defendants applied to and obtained from Bryce & Co. a large amount of plantation supplies, for the use of the plantation known as the Landsford place, in Chester County; that upon an examination of the account for these supplies, made on or about the 2d day of May, 1871, it was ascertained that the balance due on said account was the sum of $5,660.35, for which defendants, by their agent, C. B. Jones, gave their promissory note in writing, whereby they promised to pay the said Bryce & Co. the said sum of $5,660.35 six months after the date thereof; that said note, before maturity, was transferred to plaintiff; that no part of said note, nor the demand evidenced thereby, nor the account for which the same was given, has ever been paid. Wherefore the plaintiff demanded judgment for the said amount, with interest from the maturity of the note, together with expenses of protest.

On the 14th of November, 1873, the plaintiff, proposing to amend his complaint, served upon defendant's attorneys a notice of a motion to amend the complaint, a copy of the proposed amended complaint accompanying the notice. Upon this paper the attorneys for defendant made the following endorsement: "I hereby acknowledge due service of a copy of the within complaint and of the above notice, endorsed November 14th, 1873." It does not appear, and the fact is denied by defendant, that there ever was any order granting plaintiff leave to amend the complaint. The cause remained upon the docket undisposed of until the 24th of September, 1882, when a paper styled a supplemental complaint was filed, in which all the allegations contained in the proposed amended complaint were incorporated, together with the allegations that the said Dewey had departed this life intestate, and that administration of his personal estate had been committed to the plaintiff, J. Y. Bryce, and also alleging that said plaintiff had thereby become the owner and holder of the

note referred to in the original complaint, as well as by purchase from the proper representatives of the estate of said Dewey, in the State of North Carolina, where said Dewey was domiciled.

Without undertaking to state all of the allegations in the amended complaint, which, as we have stated, were repeated in the supplemental complaint, it will be sufficient to state in general terms that these allegations seem designed to state as the cause of action the debt due for advances by Massey to Bryce & Co., which it was alleged was secured by a paper in the nature of a mortgage and agricultural lien (a copy of which will hereinafter be set out), and judgment was demanded, not only for the debt, but for the foreclosure of the alleged mortgage. To this alleged supplemental complaint the defendant Massey answered, raising many issues, amongst others, whether the so called supplemental complaint can properly be regarded as supplemental to the original complaint, inasmuch as it is claimed that the supplemental complaint is based upon a new cause of action, different from that stated in the original complaint, and pleading the statute of limitations to such alleged new cause of action; and also claiming that as the so-called supplemental complaint was not filed until after the expiration of more than ten years from the death of said Dewey, the lapse of such a length of time is a bar to any right to revive the original action against the defendant.

Upon these pleadings the case was presented to his honor, Judge Pressley, who granted an order on the 12th of March, 1887, referring all the issues to a referee, "all equities to be passed upon and reviewed by the court upon the coming in of the report." Without undertaking to state in detail the findings, either of the referee or the Circuit Judge, for which reference must be had to the report of the referee and the decree of the Circuit Judge, which should be incorporated in the report of this case, we will proceed at once to the consideration of what we regard as the controlling questions in the case.

The question which meets us at the outset is, whether the so-called supplemental complaint can be properly so regarded, or whether it must not be regarded as the commencement of a new action; for if the latter, then the claim of the plaintiff is barred by the statute of limitations, and that would end the case; but

if the former, then it is clear, and we understand it to be conceded, that the statute is not a bar. Without going into any inquiry as to whether the acknowledgment of service of a copy of the amended complaint by the attorney for Massey, without any protest or objection thereto, as appears by the endorsement thereon, copied above, from which it will appear that the attorney acknowledged "*due service of a copy of the complaint*," as well as of the notice of the motion, did not operate as a waiver of any necessity for leave to file such amended complaint, it seems to us the supplemental complaint was filed in time, and that it is properly supplemental to the original complaint, and is not based upon a new and different cause of action from that upon which the original complaint was based. First, as to whether the supplemental complaint was filed in time, we think it only necessary to refer to the cases of *Parnell* v. *Maner* (16 S. C., 350), and *Best* v. *Sanders* (22 *Id.*, 589), to show that the plaintiff was not barred by lapse of time from filing his supplemental complaint. Next, as to whether it can be properly regarded as a proper supplement to the complaint in the original action. The cause of action in the original complaint was really the debt due for advances, and the note was used simply as evidence of the amount of such advances ; and, as it seems to us, the same cause of action constituted the basis of the supplemental complaint. *Sibley* v. *Young*, 26 S. C., 415. For this reason we think the supplemental complaint sufficient to revive and continue the original action, and, therefore, the plea of the statute of limitations must be overruled.

The paper referred to in the supplemental complaint as being in the nature of an agricultural lien and mortgage, is in the following form : "For provisions and merchandise to me furnished by J. Y. Bryce & Co., of Charlotte, N. C., for the purpose of carrying on my own plantation in Lancaster District, and also my plantation, known as the Landsford place, by my agent, not to exceed in value the sum of $10,000, I do hereby pledge and pawn to the said J. Y. Bryce & Co. all of my real and personal property, of every kind and description, including all the cotton and other produce raised on said plantations, and all other pro-

duce so raised, together with all of my stock of every kind and description, and all of my farming tools and implements. This lien to have priority over any other lien, mortgage, or conveyance by me made to any and all persons whatever. Given under my hand and seal at Charlotte, N. C., this 30th day of January, 1869. (In signing the aforementioned agreement I herein acknowledge the receipt of nineteen hundred dollars to me paid by J. Y. Bryce & Co. as an advance upon the Landsford place, and it is hereby understood that the advances of money or provisions must be controlled by the order of myself in writing.)" This paper was signed by Massey in the presence of one subscribing witness, and not under seal, after he had added in his own writing the words which we have placed in parentheses, beginning with the words "In signing" and ending with the words "in writing." This paper will be referred to as "paper D," it having been so designated in the referee's report.

The addition made to the paper by Massey, whereby nothing could be advanced for the Landsford place except upon Massey's written order, being unsatisfactory, the plaintiffs prepared and sent to Massey another paper, of which the following is a copy, after it had been signed by Massey: "Charlotte, February 1st, 1869. To Messrs. J. Y. Bryce & Co. Col. C. B. Jones being my authorized agent for the purchasing and procuring advances for the Landsford place, his orders will be duly honored (in so far as the Landsford interest may extend, in like manner as all advances which may have been made to me before this order was given; that is, to the crops raised and stock and farming implements used on the Landsford plantation)." Before signing this paper Massey added the words which we have placed in parentheses, beginning with the words "in so far as" and ending with the words "Landsford plantation." This paper will be referred to as paper "E," it being so designated in the referee's report. These two papers, the one manifestly designed to qualify the other, must be construed together and their meaning deduced from the terms used therein without the aid of any parol evidence, which was clearly incompetent, as the papers present no such ambiguity as may be explained by parol testimony. When two parties enter into an agreement in writ-

ing. their intention must be discovered from the terms which they have seen fit to use deliberately; and neither party can, by parol evidence, be·permitted to explain what was the real intention of the parties.

Our next inquiry is as to nature and effect of these papers. We do not see how it can be doubted that by the terms used in paper D, Bryce & Co. required, and Massey gave or intended to give, a lien upon all his property of every kind and description whatsoever and wherever located, including the crops to be raised on the two plantations mentioned, to secure the payment of any advances which might be made to him for the purpose of carrying on his own Lancaster plantation and also the Landsford place by his agent, to an amount not to exceed the sum of $10,000. This manifest intention is in no wise affected by the addition made to the paper by Massey, the plain object of which was simply to require that no advances should be made except upon his written order. Nor do we think that the intention of Massey to give a lien on all his property was in any way affected or qualified by the paper E, which will be more particularly considered presently.

Such being the plain intent of the parties, our next inquiry is whether such intent has been expressed in such form as would effect the object. It is objected that the paper D cannot be given the effect of a mortgage: 1st. Because it is not under seal and has but one subscribing witness. However valid such an objection might be if the rights of third persons were to be affected thereby, it can have no force as between the parties. It is an equitable mortgage, and may as such be enforced as between the parties. The next objection is that the property proposed to be covered by it is too indefinitely stated and described. To dispose of this objection it is only necessary to refer to the case of *Lorick & Lowrance* v. *McCreery*, 20 S. C., 424. It seems to us, therefore, that paper D must be regarded, as between the parties, as a mortgage upon all of Massey's property, wherever it may be located, to secure the payment of the amount it was intended to secure.

We must therefore next proceed to inquire what was the amount which it was intended to secure. It is quite clear that

the intention as originally expressed in paper D was that it should cover whatever advances might be made for the purpose of carrying on both of the plantations referred to, the Lancaster plantation and the Landsford place, provided the amount thereof should not exceed the sum of ten thousand dollars; and provided also that such advances should be made only on the written order of Massey. Now, how has this paper been changed or modified by the paper designated as E? It is very manifest that the main, if not the only, modification is to dispense with the necessity for Massey's written orders, and to declare that the orders of the agent Jones would be honored, and the only question about which there can be any doubt is as to the effect of the additional words inserted by Massey in paper E after the word "honored." Can these additional words be construed, as contended for by Massey, to so alter the original agreement as set forth in paper D as to entirely change, or rather release, him from any personal liability under that paper, and leave the plaintiff nothing to look to for the payment of his debt but the crops raised on the Landsford place? Such a violent and radical change in the terms of the agreement, whereby its whole nature and effect would be so materially altered as to leave nothing but a shadow, cannot readily be presumed, and to be accepted should have been expressed in terms much more explicit than those which Massey employed.

What, then, was the purpose of the additional terms inserted by Massey? It seems to us that the only object in adding those words was to confine Massey's liability to such advances only as should be made for the Landsford place—"that is, to the crops raised and stock and farming implements used on the Landsford plantation." Inasmuch as, under paper D, Massey was liable only for such advances as were made upon his orders in writing, he had it in his power to confine his agent Jones to such advances as would be necessary and proper to carry on the Landsford plantation, but when he was asked to sign paper E, dispensing with the necessity for his written orders, whereby his check upon his agent Jones would be lost, it was very natural that he should, before signing, insert something to serve as a substitute for the check on his agent which he was to give up, and there-

fore the additional words were inserted for the purpose of serving as such substitute, by declaring, in substance, that Jones's orders would be duly honored, provided they were given for advances for the Landsford place—that is, to advances for the purpose of cultivating the crops and providing the stock and farming implements necessary to be used on the Landsford place. This, therefore, is the construction which we think should be put upon these two papers considered together, and hence Massey can be made liable to plaintiff only for such advances as were made to Jones for the use of the Landsford place.

It is urged, however, that the liability of Massey must be confined to advances made during the year 1869, and hence that the referee erred in carrying the account for advances, the whole amount of which he finds were made for the Landsford place, beyond the end of the year 1869, as appears by exhibit X to referee's report. It is true that the Circuit Judge, in ascertaining the amount for which he thinks Massey is liable, does confine the account to the year 1869, but he gives no reason for so doing, and we can conceive of no good reason for it. The paper by its terms does not so limit Massey's liability, and although he testifies that he gave Bryce notice both orally and in writing (by letter) that the advances must stop at the end of the year 1869, this is emphatically contradicted by Bryce, whose version seems to have been adopted by the referee, and the Circuit Judge has made no finding as to this disputed fact. We cannot therefore say that the fact of such notice from Massey to Bryce has been established. But in the view which we shall next present as to what we regard as a limitation placed upon the liability of Massey, the question whether the advances were to be confined to the year 1869, may become an immaterial question.

It will be observed that by the terms of the paper D, Massey assumed a liability for advances made for the use of the Lancaster plantation, as well as for the Landsford place to an amount *not exceeding the sum of $10,000,* and we think that in order to ascertain the amount for which Massey is liable in this action, it will be necessary to ascertain the amount advanced for the use of the Lancaster plantation, which must be deducted from the sum of $10,000, and

Massey should be charged only with the balance thus ascertained and credited with such amounts as the plaintiff may have received from the Landsford place, including the balance of $1,118.81 due to Jones by the plaintiff as the result of the operations of the year 1868, which both plaintiff and Jones have recognized as a proper credit on the account for advances for the Landsford place made under the terms of the paper D. For Massey, having limited his liability for advances made for the use of both places to the sum of ten thousand dollars, his liability for advances made to both places cannot be extended beyond that sum. The fact that Massey has already paid the amount of the advances made for the use of the Lancaster plantation cannot affect the question, for the plaintiff having received that amount, he cannot claim against Massey any more than the difference between that amount and the sum of ten thousand dollars, to which the liability of Massey was expressly limited. But while the amount of the advances made for the use of the Landsford place has been ascertained by the report of the referee, as stated in exhibit X, we do not find anywhere in this voluminous record any statement of the amount advanced for the use of the Lancaster plantation under the terms of paper D, and hence the case must go back for the purpose of requiring the referee to ascertain such amount.

The defendant Massey, in his argument here, has made objection to sundry items charged by the referee as advances made for the use of the Landsford place in the account filed with his report as exhibit X, but as we do not find any exceptions to the report of the referee based upon such alleged erroneous charges, they cannot be considered here. The items mentioned in plaintiff's 2nd and 3rd exceptions to the Circuit decree have already been charged in the account filed with the referee's report, and hence there is no foundation for these exceptions. The claim for interest on these items cannot be sustained.

As to plaintiff's fifth exception, it cannot be sustained, as there is no evidence that Jones ever had any authority to execute a negotiable note binding on Massey. At most the note could only serve as an admission by Jones of the balance due on the account for advances, which was subject to be corrected and has been corrected by the proof of the account.

10—35

As to the personal property on the Landsford place subject to the lien of plaintiff's equitable mortgage, alleged to have been "made way with" by Jones, we do not see how it could affect the question of Massey's liability to plaintiff, unless it had been shown that plaintiff colluded with Jones in putting this property out of the reach of the mortgage, of which there is not a particle of evidence. All of the other exceptions, of both parties, are overruled as not sustained by the facts, or as disposed of by what has hereinbefore been said.

The judgment of this court is, that the judgment of the Circuit Court, in so far as it conflicts with the views herein presented, be reversed, in other respects that it be affirmed; and that the case be remanded to the Circuit Court for such further proceedings as may be necessary to carry into effect the views herein announced.