## 8031

### STELTS v. MARTIN.

1. EQUITABLE MORTGAGES.—A mortgage not executed in presence of two witnesses—one signing after mortgagor not in presence of other—is not a legal mortgage, but may be set up as an equitable mortgage.

2. EVIDENCE—TRANSACTIONS WITH DECEDENTS.—In suit of foreclosure against heirs of mortgagor, mortgagee is debarred by section 400 of the Code from testifying as to the transactions at the time of the signing of the mortgage by the deceased mortgagor.

3. MORTGAGES.—From letters and admissions of heirs that their ancestor signed the paper, received the consideration and intended to make a valid mortgage, it may be properly inferred that the signer intended the paper to be a valid mortgage.

4. IBID.—LIMITATION OF ACTIONS.—Suit on an equitable mortgage is not barred until twenty years from the date the debt is due.

5. PRESUMPTION OF PAYMENT should not be inferred from failure of husband to sue the wife while living with her, nor after their separation, nor from failure to produce the papers, there being testimony tending to show they had been destroyed by fire, and that the heirs of deceased mortgagor admitted the debt.

6. MORTGAGE OF MARRIED WOMAN.—The evidence tends to show the mortgage of a married woman was executed to get money to save her property from sale for debt, and not to defraud creditors.

7. PENAL BONDS.—The rule that a recovery on an instrument given for a penal sum cannot exceed that sum does not apply where the instrument in terms provides otherwise.

Before WATTS, J., Abbeville, March, 1911. Reversed.

Action by W. E. Stelts against W. B. Martin and Pearl M. Beckwith. Plaintiff appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: *The limitation applicable to this case is twenty years:* 18 S. C. 473; 19 S. C. 263; 26 S. C. 515; 27 S. C. 267; 30 S. C. 346; 42 S. C. 177; 54 S. C. 597; 62 S. C. 240; 64 S. C. 436; 71 S. C. 391. *If the six year limitation applies, the admissions of defendants take the case out of the statute:* Code of Proc. 123; 29 S. C. 254; 80 S. C. 157; 2 Bail. 278; 38 S. C. 300;

51 S. C. 134. *Delivery for record is prima facie evidence of delivery:* 81 S. C. 455. *Plaintiff could testify as to transaction between deceased and a third person:* 78 S. C. 23; 95 S. C. 279; 44 S. C. 25; 32 S. C. 511; 56 S. C. 385; 55 S. C. 510; 26 S. C. 160.

*Mr. Wm. P. Greene,* contra, cites: *Under facts here Court should hold the mortgage paid:* 2 Jones Mtg. 30; 22 Ency. 596; 30 Cyc. 1276; 11 Rich. Eq. 283; 2 McC. C. 438; 1 Rich. Eq. 55; 5 S. E. 602; 15 Rich. 34; 30 Cyc. 1268; 22 Ency. 589; 1 Hill on Mtg. 504; 19 Pick. 227; 1 N. W. 688; 43 Atl. 469. *Paper here was not entitled to record:* 22 S. C. 332; 49 S. C. 242; 71 S. C. 283, 28 S. E. 329; 21 S. E. 735; 54 S. C. 918, 41 S. E. 1003. *If no date is fixed for payment of note, it is due at once:* 4 Ency. 133; 119 Mass. 79; 3 Rich. 182. *After debt is barred a mere acknowledgment will not take it out of the statute:* 2 Bail. 276; 38 S. C. 306; 51 S. C. 141. *Admissions not made to the debtor do not avail:* 19 Ency. 316. *Mortgage was invalid because not made for the benefit of the married woman's estate, but to defraud creditors:* 42 S. C. 339; 30 S. C. 242; 32 Id. 455; 37 Id. 354; 24 Id. 461; 26 Id. 517; 27 Id. 525; 55 S. C. 338; 38 S. C. 437. *Plaintiff can recover only penal amount of bond:* 34 S. C. 241; 27 S. C. 171.

November 11, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, W. E. Stelts, commenced this action on June 15, 1910, against W. B. Martin and Pearl M. Beckwith, devisees under the will of Ina H. Stelts, and W. B. Martin as executor, to forclose a mortgage alleged to have been executed by Ina H. Stelts on September 1, 1889. On hearing the pleadings and the testimony taken by the master the Circuit Court held that, as the mortgage had not been executed as required by law,

it could have force only as an equitable mortgage, and that for that reason it became barred by the statute of limitations six years after its maturity. As this conclusion, if correct, was decisive, the Circuit Judge did not consider the other questions of law made in the pleadings and argument now brought to this Court in the exceptions of the plaintiff and the additional grounds for sustaining the judgment submitted by counsel for the defendant W. B. Martin. The defendant Pearl M. Beckwith not only filed no answer to the complaint, but in her testimony admitted that the claim of the plaintiff was just, and expressed her intention to pay her share of it without respect to the result of the litigation. The defendant appeared at the references and in Court by counsel, but was not present and offered no evidence. The plaintiff and Mrs. Ina H. Stelts were husband and wife. W. B. Martin and Mrs. Beckwith are children of Mrs. Stelts by a former marriage.

Taking up the points in logical order without respect to whether they are made in the exceptions or the additional grounds for sustaining the judgment, we consider first whether there was evidence that Mrs. Stelts executed a paper having the effect of either a legal or an equitable mortgage. The plaintiff failed to produce the paper or the persons whose names are written as witnesses on the copy in the clerk's office, or to account for the absence of the witnesses and when sworn as a witness, the plaintiff admitted that Mrs. Julia Williams, whose name appears on the record along with that of Mrs. Sassard who did sign as a witness, was not present when the paper was executed. Whatever presumption there may have been of the due execution of the paper from its record was thus destroyed by the direct admission of the plaintiff. The execution not having taken place in the presence of two witnesses, and not being attested by the signatures of two witnesses, the paper cannot be held to be a valid legal mortgage. But if it was actually signed by Mrs. Stelts as a mortgage and

intended to secure a debt of $800, it must be treated as an equitable mortgage binding on the parties. *Bryce* v. *Massey,* 35 S. C. 127, 14 S. E. 768; *Creech* v. *Long,* 72 S. C. 25, 51 S. E. 614.

On this question of fact the testimony of the plaintiff that he was present and saw the paper executed was clearly incompetent under section 400 of the Code of Procedure. All that the plaintiff says with respect to the execution of the paper must therefore be excluded from consideration, as relating to a transaction between himself and his deceased wife. The subject has been considered and the rule of exclusion stated in *Merck* v. *Merck,* 89 S. C. 347, 71 S. E. 969. But in letters to Mrs. Beckwith, introduced by the plaintiff, the defendant Martin admitted that his mother signed the paper, received the consideration and intended to execute a valid mortgage; and Mrs. Beckwith admitted on the witness stand the validity of the plaintiff's claim. From this evidence no other fair inference can be drawn than that Mrs. Stelts signed the paper and that she intended it to be, according to its purport, a valid mortgage on the property described in favor of the plaintiff for $800.

We are unable to agree with the Circuit Judge that a paper, in form a mortgage and lacking a witness or a seal or other formal requisite of a legal mortgage, but valid between the parties as an equitable mortgage, is barred by the statute of limitations six years after its maturity. The paper is more than "a sealed note or personal bond for the payment of money only." It is a sealed instrument importing an obligation to pay money and a lien as between the obligor and obligee upon the land to secure payment. This being so, in a controversy between the obligor and obligee the action does not fall under the six year statutory limitation, but under section 3 of the Code of Civil Procedure providing a limitation of twenty years in "an action upon a sealed instrument other than a

sealed note or personal bond for the payment of money only." The instrument was dated September 1, 1889, and fell due according to its terms on the first day of December, 1890; the action having been commenced on June 15, 1910, was not barred by the statute above cited.

Nor is the defendant aided by section 2449 of the Civil Code providing that "no mortgage, or deed having the effect of a mortgage, no judgment, decree or other lien on real estate shall constitute a lien upon any real estate after the lapse of twenty years from the date of the creation of the same. * * *" . It was decided by a divided Court in *Lyles* v. *Lyles,* 71 S. C. 391, 51 S. E. 113, that the period of twenty years commences to run not from the date of the mortgage, but from its maturity.

Defendant's counsel further contends that the case is one where the Court should infer payment from lapse of time, coupled with other circumstances leading to that inference. Plaintiff, the mortgagee, and his wife, the mortgagor, lived together many years after the paper was executed. Certainly payment could not be presumed from plaintiff's failure to bring an action of foreclosure against his wife while he was living with her. Nor is it to be presumed from his failure to sue his wife after their separation, which occurred six or seven years before the action was brought; for nonaction might well be attributed to delicacy of feeling. So also the failure to produce the paper is entitled to little weight as evidence of payment in view of plaintiff's testimony that it had not been paid and that after having it recorded he had put it in his trunk and had last seen it among Mrs. Stelts' land papers. Besides, the testimony of Mrs. Beckwith and the letters of Martin show an admission of the debt rather than a claim of payment on the part of Mrs. Stelts and the defendants; the letters of Martin show further that the mortgage was burned by Mrs. Stelts.

The facts fail to support the defense that the mortgage was not given for the benefit of the separate estate of Mrs. Stelts, a married woman, and that it was therefore invalid under the statute of 1887 (19 Stat. 819), governing the validity of papers executed by married women at the time this mortgage was given. Mrs. Sassard testified: "I have heard Mrs. Stelts often talk about her affairs and heard her say that if it had not been for the money Mr. Stelts left her, she would have lost her property;" and in one of his letters to Mrs. Beckwith the defendant Martin wrote: "About papa's mortgage, when Uncle John Holcomb was about to break mama up and all looked so dark for her, she was living where Aunt Janie is now. She gave papa a mortgage for $800. The man at that time wanted $500 for that place and the house needed repairs and they thought $300 would do it and they wanted to save a home out of the ruins. So Mrs. Sassard was about to move to Charleston and they got her to witness it and then papa sent it to Aunt Julia and got her to sign it. Then they recorded it." This is the only evidence on the subject and it is affirmative proof that the mortgage was executed and the money actually paid for the benefit of the separate estate of Mrs. Stelts. It also leads to the inference that the money was borrowed and the mortgage executed to enable Mrs. Stelts to pay her creditors, rather than to an inference that the mortgage was executed to defeat creditors.

The general rule is as respondent contends, that in a suit on an obligation containing the statement of a penal sum the recovery cannot exceed that sum. *Ellis* v. *Sanders,* 34 S. C. 236. But when the terms of the paper distinctly provide otherwise, the general rule must yield to the contract of the parties. The recital of the mortgage is: "Whereas, I, the said Ina H. Stelts, in and by my certain note and obligation bearing date the first day of September, eighteen hundred and eighty-nine, stand firmly

held and bound unto William E. Stelts in the penal sum of eight hundred dollars, conditioned for the payment of the full and just sum of eight hundred dollars to be paid on or by the first day of December, 1890, with interest at ten per cent. per annum after maturity until the said eight hundred dollars is paid, as in and by the said note and conditions thereof, reference being made thereto had, will more fully appear." The penal sum and the principal sum to be paid are the same, but the mortgage expressly provides for the payment of more than the penal sum, namely the penal sum $800, and interest thereon. This being the contract the parties must stand by it. The plaintiff is therefore entitled to a judgment of foreclosure for the sum of $800, and interest at the rate of ten per cent. per annum from December 1, 1890.

It is the judgment of this Court that the judgment of the Circuit Court be reversed.