**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

JP Morgan Chase Bank, National Association, Appellant,

v.

Delilah Starr Acheson a/k/a Delilah S. Acheson a/k/a Starr D. Acheson, individually, as Legal Heir and Personal Representative of the Estate of Joseph L. Acheson a/k/a Joseph Lynn Acheson, Sr., Deceased, Amber Mae Acheson Reed, Joseph Lynn Acheson, Jr., Jacob Lee Acheson, and Daniel Alexander Acheson, as Legal Heirs or Devisees of the Estate of Joseph L. Acheson a/k/a Joseph Lynn Acheson, Sr., Deceased, Ronald Lee Dowell, Ruth C. Dowell, and Charleston County Revenue Collections, Defendants,

Of whom Delilah Starr Acheson a/k/a Delilah S. Acheson a/k/a Starr D. Acheson, individually, as Legal Heir and Personal Representative of the Estate of Joseph L. Acheson a/k/a Joseph Lynn Acheson, Sr., Deceased, Amber Mae Acheson Reed, Joseph Lynn Acheson, Jr., Jacob Lee Acheson, and Daniel Alexander Acheson, as Legal Heirs or Devisees of the Estate of Joseph L. Acheson a/k/a Joseph Lynn Acheson, Sr., Deceased, Ronald Lee Dowell, and Ruth C. Dowell are the Respondents.

Appellate Case No. 2016-000028

———————————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-076
Heard September 20, 2017 – Filed February 7, 2018

---

**AFFIRMED**

---

Michael J. Anzelmo, Benjamin R. Smith, III, and Sarah
B. Nielsen, all of Nelson Mullins Riley & Scarborough,
LLP, of Columbia, for Appellant.

Alice F. Paylor, of Rosen Rosen & Hagood, LLC, of
Charleston, for Respondents.

---

**HILL, J:** J.P. Morgan Chase Bank (Appellant) appeals the order of the circuit court granting summary judgment to Respondents pursuant to the doctrine of unclean hands. We affirm.

## I.

In 2008, Appellant's predecessor-in-interest, Quicken Loans (Quicken), extended a loan to Joseph Acheson to finance his and Respondents' purchase of a Folly Beach home. The loan was reflected by a Note signed by Mr. Acheson, and secured by a mortgage executed by him and Respondents. After Mr. Acheson's 2010 death, his widow, Respondent D. Starr Acheson, attempted to assume the Note and negotiate modification of its terms. According to Ms. Acheson's uncontroverted statement in her affidavit, Appellant refused to confer with her because she was not the listed borrower.

Ms. Acheson continued making payments for several years, when she stopped in response to what she perceived as Appellant's intransigence. Appellant then sued to foreclose the mortgage. Respondents moved for summary judgment, which the circuit court granted "due to the multiple, illegal, fraudulent and bad faith actions of the [Appellant's] predecessor in interest in closing this loan." The circuit court found as a matter of law that, due to Quicken's and Appellant's conduct, Appellant's hands were unclean "in not having a lawyer close the loan, in falsely claiming to have a second witness at the closing, in fraudulently claiming that lawyer had closed the

loan and in refusing and failing to deal with Mrs. Acheson in good faith when she attempted to refinance or assume the loan."

## II.

We review summary judgment orders using the same standard that binds the circuit court. *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009).

Appellant claims the trial court erred in finding the unauthorized practice of law can constitute "unclean hands" sufficient to bar enforcement of the mortgage. We agree that because the mortgage closed before the effective date of *Matrix Fin. Servs. Corp. v. Frazer*, 394 S.C. 134, 714 S.E.2d 532 (2011), the closing of the loan without a lawyer present does not, by itself, bar foreclosure. We also agree the circuit court erred in finding Quicken and Appellant falsely represented a lawyer participated in the closing. The court based its falsity finding on two documents: Ms. Acheson's affidavit stating no lawyer was present and closing forms furnished by Appellant stating one was. At the summary judgment stage, the court had to construe the documents in Appellant's favor. Rule 56, SCRCP; *Faile v. S.C. Dep't of Juvenile Justice*, 350 S.C. 315, 324, 566 S.E.2d 536, 540 (2002) ("In determining whether a genuine question of fact exists, the court must view the evidence and all inferences which can be reasonably drawn from the evidence in the light most favorable to the nonmoving party."). So viewed, the documents created a genuine issue over the material fact of the lawyer's presence. The circuit court's finding of unclean hands as a matter of law on this basis was therefore error.

## III.

The circuit court's findings underpinning its application of the unclean hands doctrine went beyond the issue related to a closing lawyer. Appellant, however, believes the closing lawyer issue dispositive, contending *Matrix* swallowed up the doctrine of unclean hands, removing it as a defense to foreclosure. Appellant points to the comment in *Matrix* that unclean hands was not "the appropriate basis for resolution of this case." 394 S.C. at 138, 714 S.E.2d at 534. We do not believe *Matrix* bears the weight Appellant seeks to place upon it. For one thing, the court there had already held the mortgage holder was not entitled to priority based on equitable subrogation, so the court had no need to rely on unclean hands. *Id.* The court nevertheless proceeded to explain how the unauthorized practice of law (i.e., unclean hands) could be used prospectively as an equitable defense in foreclosures of mortgages recorded after the effective date of the decision. *Id.* at 138–41, 714 S.E.2d at 534–35.

As we understand Appellant's argument, *Matrix* and its progeny mean the only equitable defense left to foreclosures of mortgages is the unauthorized practice of law, and only if the defense is pled affirmatively as "avoidance of foreclosure." We disagree, and doubt our Supreme Court would overrule decades of equity jurisprudence by implication.

IV.

The circuit court also found the unclean hands doctrine was triggered when Appellant falsely represented the mortgage was properly witnessed and dealt with Ms. Acheson in bad faith when she tried to assume and modify the Note. We cannot find where Appellant has challenged these independent findings on appeal. Instead, Appellant notes equity will enforce even an unwitnessed mortgage between the parties. *See Stelts v. Martin*, 90 S.C. 14, 72 S.E. 550, 551 (1911). Accordingly, Appellant reasons the lack of adequate attesting witnesses is immaterial in the eyes of equity.

The circuit court order, like the vision of equity, is more panoramic than Appellant may suppose. The circuit court did not rule the mortgage was unenforceable because it was not witnessed properly; it barred foreclosure as a matter of law because it found Appellant deceptively represented it was. In essence, the circuit court found—and there is not a shadow of a scintilla in the record to the contrary—that the witness whose signature appears on the mortgage was not at the closing and did not otherwise see Respondents sign it. The circuit court believed this deception was enough for equity to see and say: enough. It therefore invoked the doctrine of unclean hands. *See Emery v. Smith*, 361 S.C. 207, 220, 603 S.E.2d 598, 605 (Ct. App. 2004) ("He who comes into equity must come with clean hands. It is far more than a mere banality. It is a self-imposed ordinance that closes the door of the court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)); *see also* Symons, *Pomeroy's Equity Jurisprudence* § 397, at 91–92 (5th ed. 1941) (stating the unclean hands maxim "says that whenever a party, who . . . seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him *in limine*; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy"); Anenson, *Limiting Legal Remedies: An Analysis of Unclean Hands*, 99 Ky. L.J. 63 (2011).

Appellant has not appealed this separate basis for summary judgment, or the independent ground that it dealt in bad faith with Ms. Acheson. Consequently, the circuit court's ruling that Appellant is barred from pursuing foreclosure due to its unclean hands on the strength of these findings is the law of the case. Even if we disagreed with the circuit court that the strength was enough to close the door of equity to Appellant, we cannot now reopen it. *Ulmer v. Ulmer*, 369 S.C. 486, 490, 632 S.E.2d 858, 861 (2006) ("A portion of a judgment that is not appealed presents no issue for determination by the reviewing court and constitutes, rightly or wrongly, the law of the case." (quoting *Austin v. Specialty Transp. Servs.*, 358 S.C. 298, 320, 594 S.E.2d 867, 878 (Ct. App. 2004)); *see also Straight v. Goss*, 383 S.C. 180, 207–08, 678 S.E.2d 443, 458 (Ct. App. 2009) (rejecting appellant's argument that unclean hands could not be raised in a shareholder derivative action and finding that, because appellant had not appealed the specific findings that appellant's actions constituted unclean hands, those findings were the law of the case and precluded appellant from equitable recovery).

**AFFIRMED.**

**LOCKEMY, C.J. and HUFF, J., concur.**