## CREECH v. LONG.

1. INJUNCTION—UNDERTAKING.—The Code does not make it the duty of the Judge to require an undertaking on the part of the plaintiff before hearing return to rule to show cause, although a restraining order in the meantime was granted.

2. CAUSE OF ACTION—ISSUES.—A complaint alleging a sale of fertilizers and a promise to execute a chattel mortgage and an agricultural lien to secure price of same, and seeking sale of crops and chattels and application of proceeds to the debt, states only one cause of action.

3. CHATTEL MORTGAGES—EQUITABLE LIEN.—A verbal promise to give a mortgage on certain chattels to secure the payment of a debt impresses such property with an equitable lien. Such equitable mortgage may be created by parol agreement on crops to be raised, and attaches as soon as they are *in esse,* but such agreement to execute an agricultural lien is not an equitable mortgage.

Before TOWNSEND, J., Barnwell, March, 1905. Affirmed.

Action by Frank H. Creech against B. R. Long, on the following complaint:

"The complaint of the above named plaintiff respectfully shows to the Court:

"1st. That the defendant above named, a farmer being engaged in the cultivation of the soil for his means of support and livelihood, as well as for that of his family, applied to the plaintiff above named, on or about the 23d day of February, A. D. 1904, for advances in fertilizers to assist him in the making of said crops in his business as a farmer, in said State and county, and agreed then and there that said crops, so grown by him during the current year and whereon he proposed and did use the fertilizers hereinafter set forth and described, should be a security or pledge for said advances in favor of said plaintiff, and to this end defendant agreed to execute to the plaintiff such security upon said crops, together with the chattel mortgage on certain and sundry live stock hereinafter set forth and described.

"2d. That the plaintiff, relying upon said agreement on said defendant's part to execute and deliver security as aforesaid upon said crops to be grown as aforesaid, agreed to advance to the defendant standard fertilizers and acids to the extent of one hundred ninety and 65-100 dollars, to be used by the defendant as aforesaid in the production of his crops for the then current year, grown and to be grown upon all that tract of land, upon which the defendant resides in said county, known as the Holman place, near the town of Barnwell, which was secured to be paid to the plaintiff on or before the 15th day of October, A. D. 1904, by an agricultural or other lien or security upon said crops to be planted upon said place as aforesaid, together with a chattel mortgage or bill of sale of the defendant's stock described as follows: One white horse mule, named Jack, about twelve years old; one white mare mule, named Beck, about ten years old; and one sorrel mare, named Julia, about seven years old.

"3d. That when the time came to haul away the fertilizers to the said place, defendant received the fertilizers and hauled the same away to the extent of one hundred and sixty-one and 00-100 dollars, upon the further promise that as soon as he had finished hauling, that he would forthwith execute the said security upon the said crops and upon the said live stock aforesaid; but plaintiff alleges that the defendant, in derogation of his said promise and agreement and with intent to defraud this plaintiff, thereafter failed and refused, and still fails and refuses, to execute the said security upon said crops and said live stock as aforesaid, in spite of the fact that defendant used the said fertilizers in · the cultivation and making of said crops as aforesaid, enjoying the benefit of said fertilizers and the credit extended as aforesaid by the plaintiff, to plaintiff's damage as aforesaid in the sum of $161, the balance of said amount agreed to be advanced not having been taken up by the said defendant.

"4th. That the defendant has disposed of most of his crops, and has failed and refused to pay the plaintiff any part of said advance made upon the strength of his promise and agreement as aforesaid; but defendant has still a large part of his crops in his possession, to wit: a good portion of his cotton crop, which is in merchantable bales of cotton, as well as corn, fodder and other provisions, which plaintiff is informed and believes defendant intends to dispose of for the purpose of defeating the rights of this plaintiff as above stated, unless plaintiff's rights are safeguarded by the orders of this honorable Court.

"5th. That defendant is totally insolvent and plaintiff remediless at law, and unless the courts of equity will interfere to protect plaintiff's rights, plaintiff is without remedy, and said advances will be a total loss to this plaintiff.

"Wherefore, plaintiff prays that the contract above stated be declared by this Court to be an equitable lien by way of mortgage upon said crops and live stock aforesaid; that the defendant be restrained and enjoined from disposing of

said crops by sale or otherwise, until the rights of the plaintiff may be ascertained in this suit; that the said property be seized by the Court and sold by the master, and the proceeds applied to the costs of this suit and the payment of this indebtedness, and for such other and further relief as to the Court may seem meet and proper." Verified.

From Circuit order refusing motion of defendant, he appeals.

*Mr. W. A. Holman,* for defendant, cites: *Two causes of cction being blended together, motion is remedy to have them stated separately:* 70 S. C., 108; 43 S. C., 221; 68 S. C., 207. *Court cannot decree specific performance of agricultural lien:* 3 S. Q., 46.

*Messrs. Bates & Simms,* contra, cite: *Injunction bond not required for restraining order pending return to rule:* Code of Proc., 240, 241, 244; 27 S. C., 408; 5 S. C., 159; 51 S. C., 379. *Complaint states only one cause of action:* Code of Proc., 188; 15 S. C., 10; 30 S. C., 111; 49 S. C., 95; 48 S. C., 173; Acts 1901, 623. *Not necessary to allege that agreement was in writing:* 5 Rich., 90; 5 Rich. Eq., 180. *Whether the alleged agreement created an equitable lien will be determined on the merits:* 27 S. C., 415; 45 S. C., 388; 47 S. C., 307; 49 S. C., 478; 48 S. C., 175; 26 S. C., 136; 26 Ency., 2 ed., 29; 28 Ency., 94, 95, and notes.

June 24, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order granting a temporary injunction refusing the defendant's motion to strike out certain allegations of the complaint as irrelevant; and, also, refusing to require the plaintiff to elect upon which cause of action he would proceed to trial.

The questions presented by the exceptions render it necessary to refer to the complaint, which will be set out in the report of the case. Briefly stated, it alleges that the plain-

tiff, in pursuance of an agreement that the defendant made to him advances of fertilizers during the year 1904, for the purpose of enabling him to make his crops; that the defendant "agreed then and there that said crops, so grown by him during the current year and whereon he proposed and did use the fertilizers hereinafter set forth and described, should be a security or pledge for said advances in favor of said plaintiff, and to this end defendant agreed to execute to the plaintiff such security upon said crops, together with the chattel mortgage on certain and sundry live stock hereinafter set forth and described;" that the amount due for the advances of fertilizers "was secured to be paid to the plaintiff on or before the 15th of October, 1904, by an agricultural or other lien or security upon said crops to be planted upon said place as aforesaid, together with the chattel mortgage or bill of sale of the defendant's stock," described in the complaint; that the plaintiff complied with his part of the contract, but that the defendant refused to perform his obligation thereunder.

The plaintiff seeks the equitable remedy of foreclosure. On the 13th of February, 1905, his Honor, the Circuit Judge, granted an order requiring the defendant to show cause, on the 16th of March, 1905, why he should not be enjoined from disposing of the property described in the complaint, and in the meantime restraining him from disposing of the same.

The defendant anticipated the hearing upon the rule to show cause by giving notice of a motion for the following relief:

"1st. For an order to vacate and set aside the injunction or restraining order herein granted, on the 13th day of February, 1905, whereby the defendant was restrained and enjoined from selling and disposing of the property, mentioned and described in said complaint, on the ground that no bond or undertaking was exacted of the plaintiff, as required by the laws of the State of South Carolina in such cases made and provided.

"2d. That inasmuch as the complaint attempts to state two causes of action, one for legal relief to recover the value of certain commercial fertilizers, as therein stated, and the other for equitable relief to adjudge an alleged agreement of the defendant with the plaintiff to be an equitable lien on the property mentioned and described in the said complaint, the defendant will, therefore, ask his Honor for an order to require the said plaintiff to so amend his complaint as to state each of the said causes of action separately, or that he be required to elect upon which cause of action he will proceed to trial.

"3d. That the plaintiff be required to strike out paragraphs 1, 2, 3 and 4 of the said complaint as irrelevant, each and every allegation or reference made to the crops raised or grown by the plaintiff on the said plantation, known as the Holman place, in that this Court cannot decree the specific performance of a lien on such crops, or declare a promise, as alleged, to be an equitable or other lien thereon, as such order or decree would be in contravention of the statute laws of the State of South Carolina.

"4th. That the plaintiff be required, when said causes of action are separated, to make his complaint more definite and certain, by stating whether the agreement, alleged to have been made between the plaintiff and defendant, was in writing or verbal; whereby it is claimed that the defendant agreed to give to the plaintiff a mortgage or bill of sale over the live stock described in the complaint."

On the 8th of March, 1905, the Circuit Judge refused the motion, and further ordered that the temporary restraining order theretofore granted should be continued in force until the further order of the Court, provided the plaintiff entered into an injunction bond in the manner therein prescribed, The plaintiff complied with this requirement.

The first exception assigns error in refusing the relief sought by the defendant, on the first ground mentioned in his motion. Section 244 of the Code provides that "if the Court or Judge deem it proper that the defendant,

or any of several defendants, should be heard before granting the injunction, an order may be made requiring cause to be shown, at a specified time and place, why the injunction should not be granted; and the defendant may, in the meantime, be restrained."

This section recognizes the distinction between an order granting an injunction proper and an order simply restraining the defendant, until the Court can determine whether the plaintiff is entitled to an injunction. The Code does not make it the duty of the Judge to require an undertaking on the part of the plaintiff, before hearing the return to the rule to show cause, although a restraining order was granted in the meantime. This exception is overruled.

The second exception raises the question whether there was error in not granting the relief for which the defendant asked, in the second ground of his motion. Our construction of his complaint is that it states but a single cause of action. The Circuit Court, in the exercise of its chancery powers, has the right to ascertain the value of the fertilizers. *Ex parte Landrum,* 69 S. C., 136; *Pratt* v. *Timmerman,* 69 S. C., 186. This exception cannot be sustained.

The third and fifth exceptions assign error in not granting relief upon the third ground set forth in the motion. The motion failed to specify the particular allegations which the defendant desired should be struck out as irrelevant. We will, therefore, discuss their general effect upon the cause of action.

It is true, that an agreement to execute an agricultural lien cannot be construed as an equitable mortgage, nor can it be made the basis of an equitable right. *Cureton* v. *Gilmore,* 3 S. C., 46; *Moore* v. *Byrum,* 10 S. C., 452; *Sternberger* v. *McSween,* 14 S. C., 35; *Kennedy* v. *Reames,* 15 S. C., 548; *Carpenter* v. *Strickland,* 20 S. C., 1.

But under our constructon of the complaint, especially in view of the facts set out in the first paragraph, the allegations which the defendant made a motion to strike out are

relevant to the extent of showing that the plaintiff had an equitable mortgage on the crop.    An agreement that specific property shall stand as security for the payment of the debt creates a mortgage; and a promise to give a mortgage on certain chattels, has the effect of impressing such property with an equitable lien, although it is merely verbal.    *Moore* v. *Byrum,* 10 S. C., 452; *Davis* v. *Childers,* 45 S. C., 133, 22 S. E., 784; *Avery* v. *Wilson,* 47 S. C., 78, 25 S. E., 286; *Read* v. *Gaillard,* 2 DeS., 552; *Dow* v. *Ker,* Sp. Eq., 413; *Massey* v. *McIlwain,* 2 Hill's Ch., 421; 3 Pom. Eq. Jur., sec. 1235.

Property not *in esse* may be the subject of an equitable mortgage, and is impressed with a lien as soon as it comes into existence.    *Moore* v. *Byrum, supra; Parker* v. *Jacobs,* 14 S. C., 112; 3 Pom. Eq. Jur., sec. 1236; 5 Enc. of Law, 982.    These exceptions must be overruled.

The fourth exception alleges error in not giving the relief sought in the fourth ground mentioned in the motion.    It sufficiently appears upon the face of the complaint that the agreement was only verbal.    This exception is also overruled.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.