of the corporation that he has received and for which he is accountable, but in an action at law to recover from an officer of a corporation for money of the corporation that he has illegally or improperly paid out, each payment thus illegally or improperly made is a separate cause of action, which must be separately pleaded. This is not an action to recover damages sustained by the corporation for negligence or wrongdoing which has caused the corporation damage, but to recover specific money of the corporation paid by the president for illegal or unauthorized purposes.

I think, therefore, that the plaintiff should be required to separately number the various causes of action alleged as a fifth cause of action.

(118 App. Div. 830)

## MUTUAL LIFE INS. CO. OF NEW YORK v. GRANNISS.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

1. PLEADING—JOINDER OF MOTIONS TO MAKE MORE DEFINITE AND FOR BILL OF PARTICULARS.

A motion to make the complaint more definite and certain is improperly joined with one in the alternative for a bill of particulars.

2. SAME—BILL OF PARTICULARS.

A motion for bill of particulars before answer, the bill not being shown to be necessary to enable defendant to plead, is premature.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 975, 977.]

3. SAME—DEFINITENESS AND CERTAINTY.

Under Code Civ. Proc. § 546, authorizing the court to require a pleading, the allegations of which are "so indefinite or uncertain that the precise meaning or application thereof is not apparent," to be made more definite and certain, the test whether a complaint should be made more definite and certain is whether it contains a plain and concise statement of facts constituting the cause of action, as required by section 481, enabling defendant to ascertain the charge against him with sufficient definiteness to enable him to properly plead; and therefore the complaint need not show the dates or amounts of payments which are not specifically recoverable, but are merely evidence of the damages in an action for general damages for wrongful acts or negligence of defendant as agent of plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1173–1193.]

4. SAME.

While the count of a complaint alleging that defendant, in concert with other officers of plaintiff and in disregard of his duty, as president and trustee of plaintiff, to preserve its property from waste, approved of and participated in paying out a certain amount of its funds for certain unauthorized purposes, which were wholly unauthorized, show a cause of action both for mere negligence and for wrongful acts as agent of plaintiff, yet, as a cause of action on either theory might arise, plaintiff, not knowing the exact facts, should not be required, before trial at least, to make an election by making the complaint more definite and certain.

Appeal from Special Term, New York County.

Action by the Mutual Life Insurance Company of New York against Robert A. Granniss. From an order denying, without prejudice to a motion for a bill of particulars after issue joined, a motion, made before pleading to the complaint, to have the complaint with respect to

the first, second, and fifth causes of action made more definite and certain, or, in the alternative, for a bill of particulars concerning said causes of action, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles J. Fay (Charles D. Miller, on the brief), for appellant.

Joseph H. Choate (James McKeen and Joseph H. Choate, Jr., on the brief), for respondent.

LAUGHLIN, J. The motion to make the complaint more definite and certain, or, in the alternative, for a bill of particulars, were improperly joined, because one may only be made before and the other ordinarily only after pleading. Moreover, the motion having been made before defendant answered, and before it was rendered certain that the material allegations of the complaint would be controverted, and a bill of particulars not having been shown to be necessary to enable defendant to plead, it was premature, in so far as it demands a bill of particulars, and was, therefore, in that regard properly denied, without prejudice to renewal after issue joined. American Credit Indemnity Co. v. Bondy, 17 App. Div. 328, 45 N. Y. Supp. 267. The controlling consideration in deciding whether a complaint should be made more definite and certain is whether it contains a plain and concise statement of the facts constituting the cause of action, as required by section 481 of the Code of Civil Procedure, and is prescribed in section 546 of the same Code, which authorizes the court to require a pleading, the allegations of which are "so indefinite or uncertain that the precise meaning or application thereof is not apparent," to be made more definite and certain. The court may require that allegations with respect to the nature of the charge be made definite; but neither particulars nor circumstances of time and place should be required. Tilton v. Beecher, 59 N. Y. 176, 183, 17 Am. Rep. 337; People v. Tweed, 63 N. Y. 194. The remedy is prescribed to enable a party, before pleading, to ascertain the charge made against him with sufficient definiteness to enable him to properly plead.

The action is at law to recover damages for a breach or neglect of duty of the defendant as a trustee of plaintiff, a domestic life insurance corporation, holding office continuously, under six successive elections, from the 1st day of June, 1885, to the 28th day of March, 1906, and as a vice president of plaintiff from the 16th day of December, 1885, to said 28th day of March. Plaintiff alleges for its first cause of action that it was the duty of the defendant, as trustee and vice president, among other things, to preserve the assets of the company from waste, to neither authorize nor make, nor knowingly or negligently permit to be made, any unlawful or improvident use of its funds, and to be diligent, vigilant, and faithful in the discharge of his duties; that as vice president it was his duty to examine, and approve or disapprove in writing, bills and vouchers for disbursements, and that he knowingly or negligently approved and recommended for payment a large number of bills and vouchers which were not proper charges against the company, to its damage in the sum of $200,000. These facts plainly show a cause of action for general damages for wrongful

acts or negligence as agent of the company, and amounts lost by the company through such wrongful acts or negligence are evidence of the damages; but are not specifically recoverable. Mutual Life Ins. Co. v. McCurdy (argued and decided herewith) 103 N. Y. Supp. 829. It was not necessary, therefore, to allege the dates or amounts of the payments, or the facts with respect to each. That information may, in a proper case, be obtained by a motion for a bill of particulars after issue joined.

Plaintiff for its second cause of action further alleges that in the years 1896, 1900, and 1904 defendant, acting in concert with certain other officers of the company and in disregard of his duty to plaintiff to preserve its property from waste, approved of and participated in paying out $92,000 of its funds for political campaign contributions, which were wholly unauthorized. These allegations show a cause of action both for mere negligence and for wrongful acts as agent of the company; and as a cause of action upon either theory might arise on those facts, plaintiff should not be required, at this time, at least, to make an election by making the complaint more definite and certain. Mutual Life Ins. Co. v. McCurdy, supra.

In the fifth count plaintiff further alleges that during the period from January, 1900, until the close of the year 1905, defendant acted in concert with certain officers of the company, who, without authority and pursuant to a preconcerted arrangement, established and maintained with plaintiff's moneys a "confidential fund," which they disbursed without authority and for unlawful purposes; that plaintiff knew, or should have known, these facts; and that, acting in concert with them, he approved of and participated in the establishment, maintenance, and disbursement of said fund, and neglected to perform his duty to prevent, or attempt to prevent, such waste of funds of the company, or to give notice to plaintiff's board of trustees and to its policy holders, to its damage in the sum of $600,000. The reason already assigned for denying the motion as to the second cause of action is controlling here, and leads to a like decision.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.