(96 Misc. Rep. 247)

DENNIN v. WOODBURY et al.

(Supreme Court, Special Term, Monroe County. July 19, 1916.)

*(Syllabus by the Court.)*

1. EQUITY ⬤⟿71(2)—LACHES—BAR OF RELIEF.

A complaint in equity is insufficient, and demurrable on the ground of laches, where a lapse of four or five years has intervened after discovery in asserting a right to rescind bonds and voting trust certificates for fraud and misrepresentation, and such laches will bar the action, when the laches are not satisfactorily explained, and it does not appear that the right of the defendant has not been affected by the delay, and that the statute of limitations at law has not run against the claim.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 204; Dec. Dig. ⬤⟿71(2).]

2. EQUITY ⬤⟿46—GROUNDS OF JURISDICTION—ADEQUATE REMEDY AT LAW.

A demand for rescission, and for an accounting and other relief in equity, will not sustain a complaint, when the allegations in the complaint show that such relief is unnecessary, and that plaintiff has an adequate remedy at law.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 151, 152, 157, 159–163; Dec. Dig. ⬤⟿46.]

3. ASSIGNMENTS ⬤⟿71—FRAUD—EFFECT—RATIFICATION.

An assignment of bonds and voting trust certificates for the purpose of instituting an action to set them aside on the ground of fraud and mis-

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

representation is such an affirmance of the transaction by the assignors as to bar an action in equity by the assignee.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 130–133; Dec. Dig. ☞71.]

**4. EQUITY ☞46—GROUNDS OF JURISDICTION—ADEQUATE REMEDY AT LAW.**

Where the records of the court show that actions at law have been successfully maintained for fraud and deceit, a party is required to make out a clear case of equitable jurisdiction, to sustain a complaint in equity growing out of the same transaction, and to satisfy the court that the claim is not stale and the controversy not academic.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 151, 152, 157, 159–163; Dec. Dig. ☞46.]

**5. ACTION ☞50(6)—JOINDER OF CAUSES—INTERESTS OF PARTIES.**

There is a misjoinder of causes of action, under Code Civ. Proc. § 488, in an action seeking to hold joint tort-feasors for fraud and misrepresentation, where the survivors are joined with the representatives of those deceased.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 526, 528, 530, 545; Dec. Dig. ☞50(6).]

Action by Hannah C. Dennin against John C. Woodbury, impleaded with others. Demurrer to complaint sustained.

This action is brought by the plaintiff's assignors to rescind for false representations, subscriptions to bonds of the United States Independent Telephone Company, carrying with them certain voting trust certificates representing stock of the company, and to recover the amounts paid therefor by plaintiff's assignors. There are 46 separate causes of action enumerated in the complaint, each based upon a separate purchase, all of which have been assigned to the plaintiff, subject to retainer agreements. The complaint is based upon false representations and fraud in the sale of the bonds, and the complaint seeks to compel the defendants to make good to her for the amounts paid for the bonds in question. The defendant John C. Woodbury has demurred to the complaint on the grounds among others, that there is an improper joinder of causes of action, and that the complaint does not state facts sufficient to constitute a cause of action.

Arthur W. Weil, of New York City (Percival D. Oviatt, of Rochester, of counsel), for plaintiff.

Havens & Havens, of Rochester (James S. Havens, of Rochester, of counsel), for defendant Woodbury.

RODENBECK, J. [2, 4] The records of this court show that judgments have been recovered in actions at law growing out of the same transactions upon which the present complaint is based. Downey v. Finucane, 205 N. Y. 251, 98 N. E. 391, 40 L. R. A. (N. S.) 307; Lane v. Fenn, 65 Misc. Rep. 336, 120 N. Y. Supp. 237. It appears that other parties have found an adequate remedy at law for relief from transactions which the plaintiff claims it is necessary to resort to a court of equity to obtain. It is fundamental that no recourse to a court of equity will be permitted where a party has a full and complete remedy at law.

On this demurrer to the plaintiff's complaint the plaintiff must stand or fall upon the allegations contained in the complaint, and cannot rest her right to relief in equity merely upon the demand for equitable relief. O'Brien v. Fitzgerald, 143 N. Y. 377, 381, 38 N. E. 371. If

the allegations in the complaint are as consistent with a remedy at law as with one in equity, the demurrer must be sustained, notwithstanding that the plaintiff has demanded equitable relief. Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55, 4 Am. St. Rep. 436; Schank v. Schuchman, 212 N. Y. 352, 106 N. E. 127.

The evil of shifting the trial of the transactions set forth in the complaint, without peculiar and sufficient reasons, from a court of law to a court of equity, lies in the fact that thereby the defendants will be deprived of their constitutional right to a jury trial. This will not be tolerated. Libmann v. Manhattan Ry. Co., 59 Hun, 428, 430, 13 N. Y. Supp. 378. It is not alone the form of the relief asked for that serves to distinguish an equitable from a legal cause of action, but also the form of trial; and if the cause of action is essentially one in which the defendants are entitled to a jury trial, they cannot be deprived of it by giving the cause of action the form and semblance of one in equity. Reubens v. Joel, 13 N. Y. 488, 493.

[1, 3] The complaint does not state facts justifying a resort to equity. There are no facts alleged which bring the case peculiarly within the jurisdiction of equity. The gist of the action is one for rescission, without which the plaintiff has no standing in equity. If the subscriptions are not to be rescinded, her action is one at law. No rescission will be directed, where it does not appear that such relief is necessary. No such allegations appear in the complaint. Nor is any necessity for an accounting shown. If the subscriptions are rescinded, no accounting will be required. There is an allegation that the voting trust certificates accompanied the bonds, but there is no allegation that any liability rests upon the plaintiff by reason of the ownership of these certificates. No liability, of course, rests upon her as a result of the ownership of the bonds. The only reason for demanding a rescission is to put the demand in the form of equitable relief. Leaving out the demand for relief, the complaint might serve for an action at law for damages for fraud and deceit. There is no allegation of the necessity for avoidance of a multiplicity of suits, and, if there were, the facts do not bring the case within that branch of equity jurisdiction. Marsh v. Kaye, 168 N. Y. 196, 201, 61 N. E. 177; Prospect Park & Coney Island R. R. Co. v. Morey, 155 App. Div. 347, 352, 140 N. Y. Supp. 380. Avoidance of multiplicity of suits will not prevail against defendant's right to a jury trial. Rogers v. Boston Club, 205 Mass. 261, 91 N. E. 321, 28 L. R. A. (N. S.) 743; Marsh v. Kaye, 168 N. Y. 196, 61 N. E. 177. There is no fiduciary relationship to establish, and no necessity for resort to equity to reach the funds in the hands of the Duffy testamentary trustees, any more than there is to reach the funds in the hands of the executors. Indeed, the testamentary trustees of Walter B. Duffy are also described as his executors. The claim against the Duffy legatees should not operate to deprive this defendant of his right to a jury trial.

The date of the prospectus and advertisement attached to the complaint as exhibits is October 7, 1905, and the date of the summons is April 3, 1913; but nowhere is there an allegation in the complaint as to the date when the bonds were subscribed for, purchased, or de-

livered. So far as the complaint shows, the statute of limitations has run against any legal claim of plaintiff. An allegation that it has not run is necessary, as it would be anomalous to allow her to resort to equity, if her remedy at law has lapsed. National Bank v. Bussing, 147 N. Y. 665, 672, 42 N. E. 345; Borst v. Corey, 15 N. Y. 505, 510. The complaint contains no allegation as to when the alleged fraud was discovered; the only statement being that "it was subsequent to July 1, 1907." This indefinite allegation is not sufficient. The complaint should allege when and how knowledge of the alleged fraud was obtained, in order that the court may determine whether reasonable effort has been made to ascertain the facts, and more distinctly aver when the fraud was discovered, and how discovered, so that the court may see whether or not, by the exercise of ordinary diligence, the discovery might not have been made before. Hardt v. Heidweyer, 152 U. S. 547, 558, 14 Sup. Ct. 671, 38 L. Ed. 548. The reason for this rule is that, if diligence has not been exercised in the discovery of the alleged fraud and in the assertion of the right to rescind on account thereof, the plaintiff must fail in equity on account of laches.

An offer to return the bonds promptly upon the discovery of the falsity of the representations is an element of plaintiff's cause of action. Canadian Agency, Ltd., v. Assets R. Co. No. 1, 165 App. Div. 96, 150 N. Y. Supp. 758. Where the complaint is as indefinite as it is in this case with reference to the discovery of the alleged fraud, the court may well hold it to be insufficient and demurrable on the ground of laches. The statement that the discovery of the falsity of the representations was made subsequent to July 1, 1907, may mean that such discovery was made on the 2d day of July of that year, so that it is possible that nearly six years have expired since the discovery of the fraud. Not only have plaintiff's assignors been guilty of laches, but they have affirmed the transaction complained of by their assignment to plaintiff. She cannot ask to rescind after affirmance by her assignors. Schiffer v. Dietz, 83 N. Y. 300, 308; Pryor v. Foster, 130 N. Y. 171, 175, 29 N. E. 123.

[5] The plaintiff has not brought her case within any of the recognized heads of equitable relief, but, on the contrary, it appears that she has a full and complete remedy at law; but, if the complaint be treated as stating a cause of action at law, the demurrer must be sustained, because causes of action have been improperly united. Dennin v. Wood, 212 N. Y. 602, 106 N. E. 1032.

The complaint, therefore, does not state facts sufficient to constitute a cause of action, causes of action have been improperly united, and the demurrer must be sustained, with costs.