COZART et al. v. BARNES et al.

(Circuit Court of Appeals, Fourth Circuit. March 7, 1917.)

No. 1482.

1. CHATTEL MORTGAGES &8—FORM OF INSTRUMENT—NOTE PLEDGING SECURITY.

An instrument in the form of a note, containing a clause that there was deposited as collateral security certain tobacco, and that the payees were empowered to sell the tobacco on failure to pay the debt, amounts to a "chattel mortgage" under the laws of South Carolina.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 20–22.

For other definitions, see Words and Phrases, First and Second Series, Chattel Mortgage.]

2. CHATTEL MORTGAGES &172(1)—RIGHTS OF MORTGAGEE—ACTION FOR POSSESSION.

The payees under that note can maintain an action for possession of the property without an equitable suit to foreclose the mortgage, since the power to sell the property necessarily implied the power to take possession of it for that purpose.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 306, 310.]

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. CHATTEL MORTGAGES ⬡⟞197(1)—FAILURE TO RECORD—ANTECEDENT CRED-
  ITORS—OPEN ACCOUNT—"DEBTOR"—"CREDITOR."
    An open account creditor of a chattel mortgagor is a prior and not a
  subsequent creditor, so that the unrecorded mortgage is valid against him,
  where all the charges against the debtor were made before the mortgage
  was given, though some payments were made by the debtor, and the bal-
  ance of the account struck after the mortgage, since any óne liable on a
  claim, whether due or to become due, is a debtor, and any one giving cred-
  it is a creditor.
    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 430–
  432.
    For other definitions, see Words and Phrases, First and Second Series,.
  Creditor; Debtor.]

In Error to the District Court of the United States for the Eastern
District of South Carolina, at Florence; Henry A. Middleton Smith,
Judge.

Action by C. H. Cozart and another, partners under the firm name
and style of the Cozart & Meadows Company, against J. W. Barnes
and another, to recover possession of personal property. Judgment
for defendants, and plaintiffs bring error. Reversed.

W. F. Stackhouse and L. D. Lide, both of Marion, S. C., for plain-
tiffs in error.

R. E. Whiting, of Florence, S. C. (Whiting & Baker, of Florence,
S. C., on the brief), for defendants in error.

Before PRITCHARD and WOODS, Circuit Judges, and DAYTON,
District Judge.

WOODS, Circuit Judge. On September 23, 1914, J. C. Moore and
W. H. Cross executed to Cozart & Meadows Company, the plain-
tiffs, an instrument in the form of a promissory note for $3,028.04
containing a clause stating that there was deposited as collateral se-
curity for the note 75,501 pounds of leaf scrap tobacco, the property
of J. C. Moore stored in the Banner Warehouse, at Hemmingway, S.
C., and that the payees of the note were given the power to sell the
tobacco upon failure to pay the debt. No possession of the tobacco,
actual or constructive, was given the plaintiffs, and the instrument was
not recorded. On December 9, 1914, the tobacco was taken by George
J. Graham, sheriff of Williamsburg county, S. C., under an attachment
issued at the instance of J. W. Barnes upon a claim arising on a mu-
tual, open, and current account between the defendant and Moore
Bros., which defendant claims became due as to the total amount on
November 12, 1914, the date when the balance was agreed upon be-
tween the parties. The account was made up of charges made for
the purchase money of tobacco bought on the floor of the warehouse
by Moore Bros. and paid for by the defendant, and credits of pay-
ments made. The charges for the money advanced for the purchase
of tobacco were all made before the date of the note held by the plain-
tiffs, but the payments were both prior and subsequent to that date.

This action was brought by plaintiffs as mortgagees to recover pos-
session of the attached property. The District Court held: (1) That

the paper executed to the Cozart & Meadows Company was an instrument in the nature of a mortgage, and although unrecorded it was good as a mortgage of the property against all creditors whose debts were incurred prior to the date of the execution of the mortgage; (2) that the account of Moore Bros. with Barnes was a mutual, open, and current account, and that although all of the debits appearing thereon against Moore Bros. were made prior to the execution of the mortgage, nevertheless, since the account did not become due until November 12, 1914, after the date of the mortgage, the balance was to be regarded as a subsequent debt, and therefore as to the debt the mortgage was void. No distinction was drawn in the trial of the cause below or in the argument here between the rights of J. C. Moore, the owner of the tobacco, and Moore Bros., by whom the account with the defendant was contracted, and hence it will be disregarded here.

The questions presented are: (1) Is the instrument in the form of a note held by the plaintiffs a chattel mortgage superior to the rights of antecedent creditors? (2) Does the fact that the defendant's claim upon which the attachment is based did not become due until the date the balance of the accounts was struck and agreed upon after the execution of the mortgage make the defendant a subsequent creditor, although all the charges to Moore Bros. were made before the mortgage was executed?

[1, 2] The instrument in the form of a note given by Moore and Cross to the plaintiffs stated that the tobacco was deposited as collateral security. Whatever may be the law in other states, the Supreme Court of South Carolina in Creech v. Long, 72 S. C. 25, 51 S. E. 614, has held in accordance with the view of the District Court that an agreement that certain property shall stand as security for a debt amounts to a chattel mortgage. The point is made that such an instrument is only an equitable mortgage of the property and that foreclosure would have been more appropriate to enforce the mortgage. The paper not only provides that the tobacco shall stand as collateral security, but it gives "authority to the payees to sell the same at public or private sale, or otherwise, without notice, at their option, on the nonperformance of this promise." The power thus conferred to sell the property necessarily implied the power to take possession of it for that purpose. The case, therefore, comes expressly under the decision of the court in Moore v. Byrum, 10 S. C. 452, 30 Am. Rep. 58. There the language was:

"I * * * do hereby give to Joseph Byrum, Jr., a mortgage on all my cotton, corn, and wheat that I may raise during the year 1876, to secure the payment of the above note this day given by me; and in default of payment by the 1st of November next, then I authorize the said Byrum to take all the crops raised by me, or any other person he may select so to do."

It will be observed that there were no express terms of conveyance, and yet the instrument was held to be a legal mortgage entitling the mortgagee to possession, one of the reasons for the decision being that the paper contained authority to take possession of the property mortgaged upon default in payment.

[3] We are unable to agree with the District Court that the debt of Barnes was subsequent to the execution of the mortgage. It seems clear that the date the balance was struck is not necessarily the date the relation of debtor and creditor arose, though it be the date upon which the total indebtedness became due and payable. The liability for the charges entered on the books of Barnes was created at the time the money was advanced and the charges were entered. Any one liable on a claim, whether due or to become due, is a debtor, and any one giving credit is a creditor. King v. Fraser, 23 S. C. 543; McGhee v. Wells, 57 S. C. 280, 35 S. E. 529, 76 Am. St. Rep. 567; Stewart v. Walterboro, etc., Ry. Co., 64 S. C. 92, 41 S. E. 827; Stanly v. Ogden, 2 Root (Conn.) 259. Barnes extended no credit and parted with nothing of value after the date of the mortgage. It follows, therefore, that Barnes was a prior and not a subsequent creditor, and that the chattel mortgage was valid and superior to the lien of the attachment obtained by Barnes.

The judgment of the District Court is reversed.