GEORGIA-CAROLINA GRAVEL CO. v. BLASSINGAME *ET AL.*

(123 S. E., 324)

1. PLEADING—REFUSAL TO STRIKE OUT ANSWER AND ALLOWING DEFENDANT TO ANSWER OVER HELD WITHIN COURT'S DISCRETION.—A refusal to strike out answer of one defendant and allowing him to answer over *held* within trial Court's discretion, in view of Code Civ. Proc. 1922, §§ 401, 404, 406, 437.

2. ASSIGNMENTS—LIENS—COMPLAINT HELD NOT TO ALLEGE FACTS SHOWING EQUITABLE ASSIGNMENT OR LIEN ON FUNDS.—A complaint, alleging an agreement between plaintiff and one defendant that plaintiff would be paid for gravel furnished for road construction out of funds which county would pay, and that defendant and county and State Highway Commissioners knew of that agreement, *held* not to allege facts showing equitable assignment of or lien on such funds.

3. LIENS—BASIS OF EQUITABLE JURISDICTION TO ESTABLISH AND ENFORCE LIENS, STATED.—Jurisdiction of a Court of Equity to declare, establish, and enforce an equitable lien is referable to general considerations of right and justice based on those maxims which lie at the foundation of equitable jurisprudence.

4. JURY—DISPUTED MONEY DEMAND TRIABLE BY JURY.—Under Code Civ. Proc. 1922, § 533, a disputed money demand is triable by jury on the law side.

5. EQUITY—EQUITY WILL NOT ASSUME JURISDICTION WHERE FACTS ALLEGED DO NOT SHOW INADEQUATE LEGAL REMEDY.—Where no facts are alleged showing plaintiff's remedy at law is inadequate, equity will not assume jurisdiction on theory of existence of an equitable lien enforceable in a county other than that in which legal rights of parties would be adjudicated if alleged equitable remedy is not invoked, in view of Code Civ. Proc. 1922, § 378.

Before JOHNSON, J., Beaufort, August, 1923. Affirmed.

Action by the Georgia-Carolina Gravel Company against J. T. Blassingame, Charles D. Luther, and others, Directors of Beaufort County, and J. C. Hutson and others, constituting the Highway Commission of Beaufort County. From an order sustaining a demurrer interposed by Directors of Beaufort County and members of Highway Commission of Beaufort County and an order refusing to strike out the answer of defendant Blassingame and allowing him to answer over, plaintiff appeals.

Section 11 of the complaint follows:

(11) That it was the understanding and agreement by and between the said plaintiff and the defendant J. T. Blassingame that the plaintiff would be paid for the gravel furnished by it for the road in Beaufort County from the sum of money which Beaufort County was to pay the said defendant J. T. Blassingame for the building of the said road, and the plaintiff was induced to enter into the said contract and furnish the material upon the distinct understanding that it would be so protected, and the Beaufort County Highway Commission and the State Highway Commission knew that this plaintiff was furnishing the said gravel for the said road, and the contract was let to the defendant J. T. Blassingame on the distinct understanding that he would use the said gravel, and this plaintiff alleges that it is the duty of the said highway commission to see that the said material has been paid for by the defendant J. T. Blassingame before paying over to him the funds which it has in hand for his account.

The Circuit order follows:

This case was instituted in Beaufort County against J. T. Blassingame, the Beaufort County Highway Commission, and Beaufort County directors above named. The action is for an amount which it is claimed is due on contract by the defendant J. T. Blassingame to the plaintiff. The Beaufort County Highway Commission and Beaufort County

directors are made parties defendant because it is alleged in the complaint that there is a fund in the hands of the highway commission due the defendant J. T. Blassingame on which the plaintiff claims to have an equitable lien.

The Highway Commission and Beaufort County directors demur to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action against them, for the reason that it appears upon the face of the complaint that the plaintiff has no lien, equitable or otherwise, upon the funds due the defendant Blassingame, which are alleged to be in the hands of the Highway Commission. The defendant Blassingame appears and answers for the purpose only of pleading to the jurisdiction of the Court of Common Pleas of Beaufort County to try said cause of action against him, and he shows by the verified answer that he is a resident of Greenville County, and avers that if the demurrer of the Beaufort County authorities is sustained, the action against him in Beaufort County must be either dismissed or transferred, which of course is the case.

Practically the only question before me, then, is on the demurrer of Beaufort County. Unless it appears on the face of the complaint that the plaintiff has an equitable lien, as claimed upon the funds of Blassingame, in the hands of the Highway Commission, then there is no cause of action against the Beaufort County authorities, and their demurrer must be sustained. The allegations of the complaint, which, it is contended, show the equitable lien, are: First, that the defendant Blassingame made a bond to Beaufort County, conditioned upon the faithful carrying out of his contract, and the payment of all just claims of material men and other creditors. Second, that said Blassingame had agreed in the specifications, stipulating the material to be used on said Beaufort County highways, to use gravel from plaintiff's gravel pits, and similar gravel. Third, that defendant Blassingame had entered into an oral promise to plaintiff to pay

plaintiff for the gravel procured out of the funds which the defendant Blassingame was to receive from the Beaufort County Highway Commission.

I do not see how the bond of the defendant Blassingame, or his contract with the Highway Commission, stipulating the quality of gravel to be used, can in any way create an equitable lien to the plaintiff. Of course, if the plaintiff has a just claim against Blassingame and cannot collect the same from him, the plaintiff could sue on the bond; and the fact that the plaintiff has such a remedy would rather negative the idea that a lien was created. The agreement in the specifications was only to stipulate the quality of material which should go into construction of the road. It appears to me, therefore, that the only ground upon which the plaintiff might claim an equitable lien is the alleged oral promise of the defendant Blassingame to pay for said material out of the funds, which he should receive from the Beaufort County Highway Commission. It is my opinion that this promise is not sufficient to constitute such a lien. The case of *Christmas v. Russell,* 81 U. S. (14 Wall.), 84; 20 L. Ed., page 782, seems to be conclusive of this case. There it is held:

"An agreement to pay out of a particular fund, however clear in its terms, is not an equitable assignment; a covenant in the most solemn form has no greater effect. The phraseology employed is not material provided the intent to transfer is manifested. Such an intent and its execution are indispensable. The assignor must not retain any control over the fund—any authority to collect, or any power of revocation. If he do, it is fatal to the claim of the assignee. The transfer must be of such a character that the fund holder can safely pay, and is compellable to do so, though forbidden by the assignor. Where the transfer is of the character described, the fund holder is bound from the time of notice."

It plainly appears by the allegations in the complaint that Blassingame had full control of the fund, nor had he entered into any agreement with the plaintiff under which the plaintiff could have compelled the Highway Commission to turn said fund over to plaintiff.

Another case strongly in point is the case of *Pratt Lumber Co. v. T. H. Gill Co.* (D. C.), 278 Fed. 783. In this case, T. H. Gill Company were contractors, who were building a highway in North Carolina. They had given a bond, the conditions of which are almost identical with the bond in question. The contractor had entered into a written agreement with certain creditors to pay them for material out of the funds received from the Highway Commission on a date not later than the 16th of the month. The terms of this agreement were fully as strong as that alleged in the complaint as having been made to the plaintiff in this action. The Court, after a very careful review of the authorities, decided that such an agreement did not create an equitable lien and denied the claim of certain creditors that such was the case.

I am constrained in the light of these authorities to grant the demurrer. It is therefore ordered:

(1) That the demurrer of the Beaufort County authorities be sustained and the complaint dismissed as to them.

(2) That the cause of action be and the same is hereby transferred to Greenville County, the home of the only remaining defendant, J. T. Blassingame, and the Clerk of Court of Beaufort County is hereby directed to transfer all papers in the case to the Clerk of Court of Greenville County.

(3) That the defendant J. T. Blassingame be allowed 20 days time from the time of notice of this order to serve an answer on the plaintiff, answering to the merits of the complaint.

(4) That the Clerk of Court of Beaufort County serve the plaintiff and the defendants' attorneys with copies of this order.

*Messrs. Grier, Park & McDonald,* for appellant, cite: *Claim against fund or property held by third party enforced by Court of Equity:* 17 R. C. L., 604; 232 U. S., 117; 233 U. S., 705; 165 U. S., 634; 288 Fed. Rep., 349; 211 U. S., 835; 153 Fed. Rep., 503; 82 S. C., 294; 235 Fed. Rep. 957; 103 S. C., 65; 2 Des. Eq., 552; 45 S. C., 133; 208 U. S., 404. *Refusal to strike out answer:* Code, 1922, Sec. 176; 22 S. C., 276; 86 S. C., 324.

*Messrs. Bonham, Price & Poag,* for respondent, cite: *Judgment by default:* 72 S. C., 131. *Lack of jurisdiction ground for demurrer:* Code, 1922, Sec. 401. *Answer:* Code, 1922, Sec. 437; 64 S. C., 343. *Equitable lien:* 20 L. Ed., 762; 22 L. Ed., 677; 105 Fed., 549; 27 S. E., 598; 28 S. E., 839; 56 Atl., 215; 159 S. W., 741; 46 N. Y. S., 288; 5 C. J., 813; 49 Fed., 650; 109 N. E., 237; 278 Fed. Rep., 783.

June 9, 1924.

The opinion of the Court was delivered by Mr. Justice Marion.

The plaintiff brought action in Beaufort County against the defendant Blassingame and certain other defendants, described as the "Directors of Beaufort County" and the members of the "Highway Commission of Beaufort County." From an order of Hon. J. Henry Johnson, (1) sustaining a demurrer to the complaint interposed by the directors of Beaufort County and the members of the Highway Commission, (2) refusing to strike out answer of the defendant Blassingame, and (3) allowing Blassingame to answer over, the plaintiff appeals.

The appeal questions the correctness of the Circuit Judge's conclusions upon each of the three foregoing points. The case made and the contentions of the parties are sufficiently set forth in the order of the Circuit Court. Let the order, together with Section 11 of the complaint, be set out in the report of the case.

If the demurrer was properly sustained, it is apparent that no sound basis exists for impeaching the action of the Circuit Judge which was clearly within the bounds of the Court's discretionary power, in refusing to strike out the answer of the defendant Blassingame, and in allowing said defendant to answer over. See Sections 401, 404, 406 and 437 of Code Civ. Proc., 1922. Appellant concedes that unless it appears upon the face of the complaint that the plaintiff has "the right in equity to enforce its claim against the funds which are in the hands of the Highway Commission, as alleged," then the demurrer was properly sustained. For the reason that the facts alleged were insufficient to warrant the Court in holding and declaring that the plaintiff had an equitable lien upon the funds in the hands of the Beaufort County officials, joined as parties defendant, the Circuit Judge sustained the demurrer. After careful consideration, we are not satisfied that the conclusion of the Circuit Court was erroneous.

Appellant suggests that the conclusion of the Circuit Judge was erroneous, in that it was predicated on "the doctrine of equitable assignments—where the rights of innocent third parties were involved," etc. Appellant has argued with great force that all the facts necessary to establish an equitable assignment are not essential to the creation of an equitable lien. Even if the validity of that contention be conceded, it is to be borne in mind that the jurisdiction of a Court of equity to declare, establish, and enforce an equitable lien is referable to general considerations of right and justice, based upon those maxims which lie at the foundations of equitable jurisprudence. See 25 Cyc., 665, 667. If there was not an express contract on the part of Blassingame, clearly indicating an intention to make or appropriate as security for his obligation to the plaintiff the particular fund due or to become due him by the County of Beaufort, or whereby he promised to assign or transfer that fund as security, then in order that such lien

may be claimed it should appear that the aid of the Court of equity is requisite to compel the owner of the fund to do equity, or there must be some element of fraud in the matter as a ground of equitable relief. 25 Cyc., 667. We think the Circuit Judge correctly held that the facts alleged did not establish such an express agreement as evinced a clear intention to set apart or appropriate the Beaufort County fund as security to the payment of plaintiff's claim, or to assign or transfer any part of that fund. In that situation, the additional facts appearing should be of such nature as to warrant the Court in declaring and enforcing an equitable lien.

We do not think the complaint sufficiently alleges such facts. The cause of action stated against the defendant Blassingame, on a disputed money demand, triable by jury on the law side of the Court. Section 533, Code Civ. Proc., 1922. If Blassingame was not a resident of Beaufort County, as alleged in his special answer, and if the Beaufort County officials were not necessary or proper parties defendant to the action, it is clear that the real question at issue was the venue of the action, involving the substantial right of Blassingame to have the case tried in the county of his residence. Section 378, Code Civ. Proc., 1922. It is not alleged that Blassingame is insolvent, or that other facts exist which would render the plaintiff's remedy at law inadequate. In the state of facts disclosed by the complaint, we perceive no sufficient ground for the Court of equity assuming jurisdiction in Beaufort County upon the theory that an equitable lien, enforceable in a county other than that in which the legal rights of the parties would be adjudicated if the alleged equitable remedy were not invoked, should be held to exist. See 21 C. J., 40, § 14; *Goldschmidt Thermit Co. v. Primos Chemical Co.* (D. C.), 216 Fed., 382. *Marthinson v. King,* 150 Fed., 48; 82 C. C. A., 360. *Dennin v. Woodbury,* 96 Misc. Rep., 247; 160 N. Y. Supp., 647.

The order of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and COTHRAN concur.

MR. JUSTICE FRASER: I dissent. I think the complaint states a cause of action, and that *Creech v. Long, 72* S. C., ʾ5; 51 S. E., 614, is full authority for it.

MR. CHIEF JUSTICE GARY did not participate.