13252

HALSEY v. MINNESOTA-SOUTH CAROLINA LAND & TIMBER COMPANY *ET AL.*

(160 S. E., 843)

*Messrs. Mitchell & Horlbeck, H. L. Erckmann* and *J. C. Long,* for appellant,

*Messrs. Lide & McCandlish, Legare Walker, Thomas P. Stoney* and *J. D. E. Meyer,* for respondent,

October 6, 1931.

The opinion of the Court·was delivered by MR. JUSTICE COTHRAN.

This is an action for damages in the sum of $79,490.00 ($64,490.00 actual damages and $15,000.00 punitive damages), sustained by the plaintiff by reason of certain false representations as to the amount of timber on certain tracts in Orangeburg County. The plaintiff alleges that in December, 1923, the defendants represented to him that there were 19,000,000 feet of timber upon the two tracts, and that the agreed price was based on this representation, which was falsely and fraudulently made; that it developed that there were only 12,652,194 feet of timber; including culls and defective wood, about 10,000,000 feet of first-class merchantable timber.

· The plaintiff offered evidence to sustain the allegations of his complaint and that the cutting was done in a proper manner; the defendants offered evidence tending to show that the quantity of represented timber was there when sold, but that it had been wasted and carelessly cut; the plaintiff offered evidence to disprove this, but was not allowed to do so; the plaintiff put up no testimony in reply, and, upon motion of the defendants, his Honor directed a verdict in their favor.

The presiding Judge was technically right in holding that after the plaintiff had gone into evidence tending to show that the timber was properly cut, and was followed by evidence on the part of the defendants to the contrary, the plaintiff having gone into the subject should not be allowed to offer evidence in reply; but, in directing a verdict for the defendants, he appears to have assumed the truth of the evidence offered by the defendants that the timber had been improperly cut.

We think that the manner in which the timber was cut was an important issue in the case which should have been submitted to the jury, and that it was error on the part of the presiding Judge to direct a verdict for the defendants.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.