REINOLD PETERS, Plaintiff, *v.* UNITED HOLDING CORPORATION and Others, Defendants.

ALBERT S. HURST, Plaintiff, *v.* UNITED HOLDING CORPORATION and Others, Defendants.

SIDNEY T. PARR, Plaintiff, *v.* UNITED HOLDING CORPORATION and Others, Defendants.

Supreme Court, Onondaga County, October 22, 1931.

*Davis, Wagner & Heater* [*Donald M. Mawhinney* of counsel], for the plaintiffs.

*Hawkins, Delafield & Longfellow* [*Barent L. Visscher* and *Crandall Melvin* of counsel], for the defendants.

LEWIS, EDMUND H., J. . Each of the above-captioned actions is in equity for rescission of a contract involving the exchange of certain securities. The plaintiffs allege the contracts were induced by fraud. The feature of the complaints with which we are particularly

concerned upon this motion is that the time of the discovery of the alleged fraud is not stated.

The defendants move to make the complaints more definite and certain — to show the time when, and the manner how, the plaintiffs discovered the alleged falsity of the representations.

In preparing to defend these actions there is available the defense of laches — a failure by the plaintiffs to show reasonable diligence to discover the fraud. The propriety of such a defense was firmly established by the decision in *Dennin* v. *Woodbury* (96 Misc. 247; affd., 176 App. Div. 946; affd., 227 N. Y. 607).

It follows that the defendants are entitled to be informed by the plaintiffs' pleadings as to the time when such discovery was made.

Another related defense may well be that the plaintiffs must offer " to return the property bought promptly upon the discovery of the falsity of the representations." (*Canadian Agency, Ltd.*, v. *Assets R. Co., No. 1* (165 App. Div. 96, 101, 102). The effectiveness of such a defense of necessity depends upon the time of discovering the alleged deceit. Otherwise, the court's use of the word " promptly " would serve no purpose.

To deny this motion would withdraw from the defendants certain defenses which they are entitled to interpose under well-recognized rules and in the proper protection of their rights.

The plaintiffs, in opposition to this application, criticise the decision first cited above as being peculiar to the facts of the case then under consideration. I cannot agree. The rule is one of general application; it has the support of reason and has been so recognized. In fact, an examination of authorities upon this question discloses that the courts have not only required an allegation of the time when the alleged fraud was discovered, but also *how* such discovery was made. (*Hardt* v. *Heidweyer*, 152 U. S. 547, and cases cited; *Dennin* v. *Powers*, 96 Misc. 252, 259; affd., 176 App. Div. 946; affd., 227 N. Y. 606.)

The plaintiffs further contend that the defendants have mistaken their remedy; that if they are entitled to the information sought it should be procured through a bill of particulars. The answer is to be found in the decision of *Mutual Life Ins. Co.* v. *Granniss* (118 App. Div. 830, 832), where the court, upon a motion to make a pleading more definite and certain, stated: " The remedy is prescribed to enable a party before pleading to ascertain the charge made against him with sufficient definiteness to enable him to properly plead."

As already pointed out, the particular form of action chosen by the plaintiffs makes certain defenses available to them. How-

ever, without an allegation of the time of discovering the alleged fraud, a defendant cannot "ascertain the charge made against him with sufficient definiteness to enable him to properly plead."

Accordingly, I conclude the defendants have properly invoked rule 102 of the Rules of Civil Practice.

An order may issue in each action:

(1) Requiring each plaintiff to so amend the complaint as to allege the time when knowledge of the fraud alleged in the complaint was discovered by the plaintiff;

(2) Extending until twenty days after the making of such order the time within which each defendant may serve an answer or otherwise move in respect to the complaint.

Motion costs of ten dollars are awarded in each action.