13517

HALSEY v. MINNESOTA-SOUTH CAROLINA LAND & TIMBER CO.

(166 S. E., 626)

*Messrs. Legare Walker* and *Lide & McCandlish,* for appellant,

*Messrs. Mitchell & Horlbeck, H. L. Erckmann* and *J. C. Long,* for respondent,

November 18, 1932.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

It seems difficult for this case to find a landing field. It was commenced in the Court of Common Pleas for Charleston County where it was first tried, resulting in a directed verdict for the defendants. Upon appeal to this Court, the judgment was reversed, and the cause remanded for a new trial. 162 S. C., 281, 160 S. E., 843. Up to this time no difficulties had arisen. After argument in this Court and pending the decision, the defendant R. L. Montague, a resident of Charleston County, died, and, it being conceded that the cause of action against him did not survive, the other defendant, Minesota-South Carolina Land & Timber Company, was left as the sole defendant. This defendant, a foreign corporation, immediately filed its petition and bond for removal of the cause to the federal Court, which petition and bond were approved by the Court of Common Pleas

for Charleston County. The plaintiff thereupon moved the Federal Court to remand the cause to the State Court, the motion was granted, and Charleston County was again fixed as the place for trial. The sole defendant then appeared before the Circuit Court and moved for a transfer of the cause to Dorchester County, alleging that it had no agent or officer in Charleston County, that it had no property there nor did it do business there, but that it did have property and an agent in Dorchester County. The motion was refused, and this appeal is from the refusal to transfer the cause from Charleston County to Dorchester County.

The action was commenced January 14, 1929, being a suit in tort for fraud and deceit. The defendant Minnesota-South Carolina Land & Timber Company was a foreign corporation, and the defendant Montague was a resident of Charleston County. It is conceded by all parties that the Court of Common Pleas for Charleston County was the proper county for the trial of the cause when the action was commenced and when it was actually tried. It is likewise conceded that the cause of action against Montague abated with his death, and that at the time of the motion for transfer to Dorchester County the foreign corporation was the only defendant.

Upon the foregoing statement of facts, the question of the right to transfer the cause arises as practically the sole issue, and the decision of that issue will be decisive of the appeal.

With much research and refinement of argument, the appellant insists that a transfer of the cause should be ordered. The respondent insists that the Court of Charleston County was, and is, the proper county for trial as a matter of law, and also for the reason that the Circuit Judge found in his decree as a matter of fact that at the time of the commencement of the action the foreign corporation had an agent in Charleston County.

The exact question presented by this appeal is admitted by counsel to be undecided by the Courts of this State, and this has caused an investigation of the authorities independ-

ently of the briefs of counsel. The case of *Georgia-Carolina Gravel Company v. Blassingame,* 129 S. C., 18, 123 S. E., 324, 326, is somewhat in point, although not conclusive. In that case the plaintiff brought suit against the defendant Blassingame, and joined as parties defendant the Beaufort County highway commissioners and Beaufort County directors. A demurrer by the commissioners and directors was sustained by the Circuit Court, and the cause dismissed as to them. The defendant Blassingame appeared for the sole purpose of objecting to the jurisdiction of the Court to try the cause as to him in the event the demurrer should be sustained; he being a resident of Greenville County. Upon sustaining the demurrer, the Circuit Judge ordered the case against Blassingame, then the sole defendant, transferred to Greenville County for trial. The plaintiff appealed from the order of the Circuit Judge upon the grounds that the demurrer should not have been sustained and that the special answer of Blassingame should have been stricken out. The question of the transfer to Greenville County was not raised. The Circuit Judge held that Blassingame had the right to have the case transferred, and the opinion of this Court contains the following: "If Blassingame was not a resident of Beaufort County, as alleged in his special answer, and if the Beaufort County officials were not necessary or proper parties defendant to the action, it is clear that the real question at issue was the venue of the action, involving the substantial right of Blassingame to have the case tried in the county of his residence."

As the direct point at issue in the present case was not raised in the *Blassingame case,* it is apparent that the question was not formally decided. In addition to this, the two causes are materially different. In the *Blassingame case* the commissioners and directors were not proper parties to the suit from the beginning; Blassingame, a resident of Greenville County, being the only proper defendant. Nor was the *Blassingame case* ever tried in Beaufort County. The Circuit

Court had jurisdiction of the commissioners and directors, it is true, but it could not try the cause against them for the reason that no .cause of action existed. Blassingame was the only defendant against whom a cause of action existed, and he was a resident of Greenville County.

In the present case the Circuit Judge found, as before stated, as a matter of fact, that the appellant, at the time the suit was begun, had an agent in Charleston County. Even though this might be sufficient as a fact, not reviewable by this Court, to give the Court jurisdiction, we prefer to decide the case on the jurisdictional ground, owing to the importance of the question involved.

The provision of the Code, § 422, is as follows: "And if there be more than one defendant, then the action may be tried in any county in which one or more of the defendants to such action resides at the time of the commencement of the action."

The first part of this section of the Code refers to cases where there is only one defendant, and provides that in such an event the cause of action *shall* be tried in the county where the defendant resides at the time of the commencement of the action. The section above quoted says that, if there be more than one defendant, then the action *may* be tried in any county in which one or more of the defendants resides at the time of the commencement of the action. We do not think too much stress should be laid on the difference of the Code wording of *shall* and *may*. In the first provision, there being only one defendant, the action must be tried where he resides. In the second, if there be more than one defendant, the action may be tried in that county where one or more resides. This provision is thus expressed to show a discretionary right of county selection by the pleader for the plaintiff.

The important words, however, in both provisions of this section of the Code, are, "at the time of the commencement of the action."

The idea of the appellant appears to be that in the beginning the Court of Charleston County unquestionably had, and exercised, its jurisdiction of the cause, but, upon the death of Montague, the resident defendant, the situation was entirely changed; the Court in Charleston County no longer had that jurisdiction which it was then exercising, and that the effect was as though a new suit were about to be tried with only one defendant, and that defendant a foreign corporation with neither officers, agents, or business in Charleston County. To sustain this position, the appellant cites several authorities; the more important ones being now considered. We may say that no one of them is directly in point.

The case of *Hodge v. Woodmen of the World,* 134 S. C., 343, 132 S. E., 822, is cited as "strongly suggestive." Lucius Hodge brought suit against the Woodmen in Darlington County on a policy of insurance. Everett Hodge brought suit upon the same policy in Sumter County, naming the Woodmen and Lucius Hodge as defendants. The record does not show which suit was first commenced, but, as the answer of Lucius to the complaint in Sumter County set up the defense of the pendency of the action in Darlington County, it may be presumed that the Darlington suit was first commenced. Later Lucius procured an order from the Court dismissing the cause of action in Darlington and providing that the cause of action in Sumter continue and that the issues be determined. Subsequently the Woodmen was released from the suit, and Lucius then moved the Court to transfer the cause to Darlington, the residence of Lucius, who was then the sole defendant. The Circuit Court ordered the transfer, and that order was reversed by this Court upon the ground that Lucius, by his conduct in having the Darlington suit dismissed and consenting to the continuation of the Sumter suit, had waived his right to have the case transferred. The section of the Code now under consideration was not involved in that case.

*Riddle v. Reese,* 53 S. C., 198, 31 S. E., 222, 224, is also cited in the brief of the appellant. Reese lived in York County when the action was commenced in that county. Later that portion of York County where Reese lived was cut off and became a part of Cherokee County. The suit was tried in York County; that being the county wherein the defendant resided at the time the action was commenced. A verdict being rendered against Reese, he appealed, questioning the jurisdiction of the Court to try the cause in York County. The appeal was sustained upon the ground that the act to establish Cherokee County provided that all suits then pending in York County in which the defendants resided in what is now Cherokee County shall be transferred to Cherokee County for trial. In other words, the provisions of the act took precedence over the provision of the Code, the Court saying: "On the contrary, the lawmaking power may at any time make such changes in the jurisdiction of its several Courts as may be deemed best, provided the constitutional limitations are not transgressed, of which there is no pretense here."

Reference is also made to the case of *City of Sumter v. U. S. F. & G. Company,* 116 S. C., 29, 106 S. E., 778. In that case the main defendant was a foreign corporation and the other defendant, Waring, was a resident of Richland County. The motion to change the place of trial to Richland County was granted. This decision evidently followed *Barfield v. Oil Company,* 87 S. C., 322, 69 S. E., 603, in which it was held that in a suit against a foreign corporation and a resident of this State, the local resident has the right to have the cause tried in the county of his residence. For this reason the motion was granted.

We do not think that any of the cases cited or decided in this State are sufficient to change the direct wording of the statute. As is said in *Ware v. Henderson,* 25 S. C., 385, in discussing similar sections in one of the old Codes, "We

do not see by what authority a Court can disregard such an imperative mandate from the law-making power."

In *Strickland v. Strickland*, 95 S. C., 492, 79 S. E., 520, 521, the Court says: "In such cases, when the Court has properly acquired jurisdiction of the parties, the rendition of a judgment in favor of the party whose residence in the county of trial gave the Court jurisdiction of the other defendants could not have the effect of ousting the jurisdiction."

In 7 R. C. L., page 1045, it is said: "After a Court once acquires jurisdiction of the person and subject-matter, the death, removal from the county, or resignation from office of one of the defendants will not abate the suit, and the Court will have power and authority to proceed to final judgment or decree."

If the jurisdiction of the Court be not fixed as of the commencement of the action, a suit fraught with great confusion can well be imagined. Let us suppose an action for a joint tort be commenced in Charleston County against a resident of that county and residents of several neighboring counties. Before trial the Charleston resident dies, and the action did not survive. Each of the non-residents would make application to the Court for a transfer of the cause to his county; these applications being made without priority as to time. The provision of the Code, before set out, would no doubt prevent a most difficult question arising for decision by the Circuit Court.

Again we may well suppose a suit for a joint tort against a foreign corporation, which had no officer, agent, or business in this State, and against a resident defendant. The resident defendant dies. If the *place* of trial is to be determined by the residence of the sole defendant at the *time* of trial, as contended by the appellant, we fear the case would never be tried.

Several different questions are discussed in the brief of the appellant, and they have all been considered. We are, how-

ever, of the opinion that the Court of Charleston County has not lost jurisdiction to try the case.

Judgment affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.